RUDOLPH CASSENS v. METROPOLITAN LIFE INSURANCE CO.

154 So. 522.
Division B.
Opinion Filed May 1, 1934.

D. C. Smith, for Plaintiff in Error;

Shutts & Bowen, Joseph F. McPherson and L. S. Bonsteel, for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment entered in favor of the defendant on demurrer to amend declaration sustained.

The amended declaration was based on the obligation contained in an insurance policy in the following language:

"Under the terms of the Group Policy mentioned on page One of this certificate, an Employee shall be considered totally and permanently disabled who furnishes due proof to the Company that, while insured thereunder and prior to his 60th birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit.' Three months after receipt of

such proof, the Metropolitan Life Insurance Company will commence to pay to such employee, in lieu of the payment of the insurance under said policy at his death, equal monthly instalments, the number and amount of such instalments to depend upon the amount of insurance in force on the life of such Employee at such date, as shown in the following table:

| Amount of Insurance | Number of Instalments | Amount of Each Instalment |
|---|---|---|
| $1,000.00 | 20 | $51.04 |
| 2,000.00 | 40 | 52.50 |
| 3,000.00 | 60 | 54.00 |

For amounts of insurance over $3,000.00, there will be sixty instalments of amounts in proportion to that for $3,000.00 of insurance. 'Such instalment payments will be made only during the continuance of such disability.' In the event of the death of the Employee during the period of total and permanent disability any instalments remaining unpaid shall be commuted at three and one-half per centum and paid in one sum, or in instalments, to the designated Beneficiary. In the event of the recovery of the Employee from such disability before all instalments have been paid, payment of such instalments on account of such Employees shall cease."

After setting forth the obligation undertaken by the insurer the declaration alleges:

"That on September 15th, 1930, while said Rudolph F. Cassens was an employee of said Sinclair Consolidated Oil Corporation, while said policy was in full force and effect, while said Rudolph F. Cassens was insured thereunder and prior to his 60th birthday, he became and was totally and permanently disabled as a result of bodily disease and was

prevented from engaging in any occupation and performing any work for compensation or profit; that the disease which caused plaintiff's disability was an abscess of his right lung; that said state or condition of disability continued to exist uninterrupted from said last mentioned date (9-15-30) until June 15th, 1931, that said Rudolph F. Cassens furnished the said defendant with due notice and proof of such disability on or about November 6th, 1931; that said defendant received said notice and proof of loss covering said period of disability and retained same and advised the plaintiff that it refused to pay his claim thereunder because said proof of loss showed that his disability was neither total nor permanent and that said policy only provided for payment upon a total and permanent disability; that said defendant by and through its officer and/or agent advised plaintiff through his attorney of record, that it would welcome additional proof of loss on the period of disability in question if the situation was different than was pictured to it and if the contention was that plaintiff actually became both totally and permanently disabled while his insurance was in force, all of which will more fully appear from a copy of defendant's letter to plaintiff's attorney attached hereto and marked Exhibit 'B' and hereby made a part hereof; that upon receipt of said letter by said attorney, he, the said attorney, requested the defendant to send an exact copy of said proof of loss to him so that he could determine whether the proof of loss sent in by the plaintiff correctly showed plaintiff's condition during the time in question and that if it did not correctly show same so that a proof of loss correctly showing same could be sent in; that the defendant sent said attorney an exact copy of said proof of loss as requested; that the said copy showed and now shows a disability which comes within the terms of said policy; said proof of loss

consisting of a statement by the plaintiff that he was wholly unable to do any work from September 15, 1930, to June 15, 1931, on account of said abscess in his right lung and that during said period of time he was confined to his home on account of said abscess, and of the statement of Dr. G. C. Hardie of Fort Pierce, Florida, a reputable doctor who treated said Plaintiff during said sickness."

. So we observe that the declaration alleged that the plaintiff was totally disabled from September 15, 1930, to June 15, 1931, and plaintiff alleges that this constituted a permanent disability under the terms of the policy. The construction of the clause contained in the policy and hereinabove quoted presents the only question for us to determine and this question is whether a total disability for a period of nine months constitutes a total and permanent disability under the terms of the policy. The word "permanent" is a common, ordinary word that is used in communications both oral and written, and has a well recognized meaning. Webster's New International Dictionary, 1926 Edition, defines the word "permanent" as follows: "Continuing in the same state, or without any change that destroys form or character; remaining unaltered or unremoved; abiding; durable; fixed; stable; lasting; as a permanent impression."

. It is contended that the other phraseology used in this clause of the insurance contract is repugnant to the above definition of the word "permanent." We do not think so. As we construe this clause of the contract, it means that if at the end of three months it shall appear from proof submitted that the disability caused by the injury is total and permanent then the company will begin to make payment as provided in the policy. But, that if it should develop at any time after such proof had been submitted and after payments had begun and were being made under the terms of

the contract that the disability was not total or permanent, then the payments would be discontinued. In other words, the payments are to be made upon the theory that the disability caused by the injury is both total and permanent. The terms of the policy do not require the insured to wait his entire lifetime for it to be determined whether or not his injury is permanent but he is allowed to make proof and if at the end of three months from the time the injury occurred the proof shows that in all reason it may be naturally expected that the injury has resulted and will continue to result in his total and permanent disability that such proof will be accepted as establishing a total and permanent disability until time and healing may bring about a cure of and relief from the injury and disability. The contract was made in the light of human experience. The three months time is evidently given for the purpose of allowing careful consideration by all parties as to what the result of the injury will in the natural course of events be, whether it is to result in temporary or permanent disability or is to result in total or partial disability. These facts should be susceptible of determination with reasonable certainty at the end of that period. If at the end of that period it appears with reasonable certainty that the result of the injury will be total and permanent disability the insured is entitled to begin to receive the payment of instalments under the contract. But, it is also well known that the most reliable indications do not always point the way of truth. It is also recognized that it is within the range of possibility that learned physicians and surgeons may find themselves in error as to conclusions reached after most careful examinations of patients and that many people who have been considered by those qualified to judge all such matters to be totally and permanently disabled have recovered from the

injury or malady and have regained their health, strength and vigor, being able to pursue their avocations, callings, trades or professions.

A few of the courts of the country have held with the contention of the plaintiff in error but the weight of authority is with the defendant in error. One of the leading cases construing this sort of a clause in a policy of this character is that of Ginell v. Prudential Insurance Co. of America, 200 N. Y. S. 261. In that case the appellate division of New York held a contrary view. Mr. Justice VAN KIRK wrote a dissenting opinion in which he contended for the view which we have herein expressed. The Court of Appeals of New York, 143 N. E. 740, reversed the Appellate Division and adopted the dissenting opinion written by Mr. Justice VAN KIRK as the opinion of that Court upon which the reversal was based.

An interesting opinion enunciating the view herein expressed is that of Lewis v. Metropolitan Life Insurance Co. (La. App.), 142 Sou. 262. To like effect is the case of Conley v. Pacific Life Insurance Co., 8 Tenn. 405.

In Metropolitan Life Insurance Co. v. Blue, 222 Ala. 665, 133 Sou. 707, the Court said:

"Appellee conceives that because the policy provides for payments to begin within three months after total disability intervenes, and because the insurer reserves the right to call additional proofs from time to time after accepting proofs of permanent total disability, the expression 'totally and permanently disabled' covers that disability for three months, or some other undefined period. Some authority for such construction is not lacking. But the great weight of authority is otherwise, and for good reason. 'Permanent' has a well-known obvious meaning; is in contradiction to "temporary' so used in legal enactments as well as contracts.

The construction insisted upon would wipe out all distinction between 'temporary' and 'permanent' disability.

"So, the provisions mentioned are properly construed as affording a reasonable time to ascertain whether the disability is 'total and permanent,' and to keep open the question if after events disclose that it was not in fact permanent, but only reasonably appeared so to be."

The Alabama court cited the following cases which we find support this enunciation:

"Ginell v. Prudential Ins. Co., 237 N. Y. 554, 143 N. E. 740, adopting the opinion of Justice Van Kirk, 205 App. Div. 494, 200 N. Y. S. 261; Hawkins v. John Hancock Life Ins. Co., 205 Iowa 760, 218 N. W. 313; Conley v. Pacific Mutual Life Insurance Co., 8 Tenn. App. 405; Metropolitan, etc., Co. v. Noe, 161 Tenn. 335, 31 S. W. (2d) 689; Leduc v. Metropolitan Life Ins. Co., 65 Quebec Sup. Ct. 320; Home Benefit Association v. Brown (Tex. Civ. App), 16 S. W. (2d) 834; Shipp v. Metropolitan Life Ins. Co., 146 Miss. 18, Ill. Sou. 453; Hollopaugh v. People Mutual Accident Ins. Association, 138 Pa. 595, 22 A. 29; Joyce on Insurance (2d) pp. 5246, 5222; I. C. J. 466; Doyle v. New Jersey Fid. & Plate Glass Ins. Co., 168 Ky. 789, 182 S. W. 944, Ann. Cas. 1917D, 851; Ellis v. New York Life Ins. Co., 214 Ala. 166, 106 Sou. 689."

For the reasons stated, the judgment should be affirmed. It is so ordered.

Affirmed.

Whitfield, P. J., and Brown, J., concur.

Davis, C. J., and Ellis and Terrell, J. J., concur in the opinion and judgment.