EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED
STATES v. RANDOLPH WIGGINS.

155 So. 327.
Division A.
Opinion Filed May 28, 1934.
Petition for Rehearing Denied June 20, 1934.

*E. C. Maxwell,* for Plaintiff in Error;

*John M. Coe,* for Defendant in Error.

DAVIS, C. J.—This was an action on a group insurance
policy providing indemnity amongst other things for total
and permanent disability. By appropriate pleadings the is-
sue was developed for decision by trial whether or not total
and permanent disability as a basis for recovery existed.
Recovery was awarded. The defendant insurance com-
pany has brought the judgment here for review upon writ
of error.

The following is the provision of the policy upon which
plaintiff recovered:

"In the event that any employee while insured under the aforesaid policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value * * * the Society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments, the number and amount of which shall be determined by the table of installments," etc.

It was shown in support of plaintiff's claim that he was 28 years old, skilled only in manual work, with a sixth grade education. For a good many years he had worked with his employer in a pipe-fitting gang. Because of an earlier non-disabling injury to his right wrist, causing an adhesion between the skin and the tissues of the joint impairing his grip in that hand, as well as because of a duodenal ulcer which plaintiff had suffered from a long time, plaintiff was compelled to seek less laborious work than in the pipe-fitting gang, so he secured a transfer to operations in the retort building. There his work consisted of opening and closing valves, and in recording the readings of hydrometers. After working at his new job for a while, plaintiff got into a cotton truck wreck. This shattered the elbow joint in his left arm but it healed without fixation, although the arm hung limp and was useless. Plaintiff then went back to work at the retort operation, but because he could not reach up to turn the valves his employer declared him unfit and dismissed him. Plaintiff was utterly unskilled in any special or clerical occupation. He lost a "relief work" job raking and leveling dirt on the streets under the Government relief work system, because he was unable to rake by reason of his physical condition. An operation on his elbow

joint performed with a view to immobilizing the joint of the limp arm, failed. The duodenal ulcer persists. By reason of the latter fact plaintiff is unable to undergo physical exertion or to eat substantial food. His left hand is good but his left elbow has no joint. His right elbow is good but his right hand is impaired. So with a stomach incapacitated to assimilate food, an arm disabled which was required for use in the performance of manual labor, a mind untrained for any task requiring an education to execute it and a record of having been discharged from more than one attempt to hold a job which would enable him to earn compensation by way of wages, plaintiff's case was submitted to a jury. The jury found a verdict to the effect that plaintiff was in fact totally and permanently disabled within the meaning of the policy as interpreted to them by the court.

As summarized in the brief of plaintiff in error, it will thus be.seen that what plaintiff proved as a total and permanent disability is a duodenal ulcer of several years' duration, an injury to the right wrist of ten years' duration, which weakens the strength of the grip but does not interfere with control, an injury to the left elbow which by reason of the destruction of the joint seriously interferes with the control and direction of movement of the left arm, but not of the strength or control of the left hand and grip, coupled with proof that the combination of these several injuries so handicaps, weakens and impairs the working ability of plaintiff in the only line of work he knows how to do, that he is unable to secure and hold an ordinary job of the character he could readily fill and hold but for the injuries aforementioned.

It is not to be denied that defendant insurance company offered evidence contrary to plaintiff's contention from

which the jury could properly have found that plaintiff was not presumably continuously prevented for life from engaging in any occupation or performing any work for compensation or financial value, if the defendant's supposition be indulged in that one in plaintiff's situation should be expected to obtain work of an extraordinary character specially adapted to his peculiar physical capabilities, crippled as he undoubtedly is by his combination of physical injuries and disease, disregarding ordinary and usual lines of employment such as he was following prior to his disability.

In the case of Travelers Ins. Co. v. Plaster, 210 Ala. 607, 98 Sou. Rep. 909, the court in its opinion pointed out that the phrase "total disability" is a relative term, depending in a measure upon the character of the occupation and the capabilities of the insured, and to a large extent upon the circumstances of the particular case, so that ordinarily any question involving its application was one of fact and not of law. This case was followed by the Alabama Supreme Court in Metropolitan Life Ins. Co. v. Blue, 222 Ala. 665, 133 Sou. Rep. 707, which case was in turn cited by this Court and approved in Cassens v. Metropolitan Life Ins. Co., 114 Fla. 659, 154 Sou. Rep. 522 (opinion filed May 1, 1934, at the present term).

At the trial of this case the court below correctly charged the jury in accordance with the applicable law of the case, as follows:

"Should you find from the evidence,—by a preponderance of the evidence on behalf of the plaintiff in this case, that the plaintiff, as a result of the injury described in the declaration, was totally and permanently disabled by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or

performing any work for compensation of financial value, then you will find for the plaintiff and assess such damages as are alleged in the declaration to be due to the plaintiff by reason of the failure of the defendant to pay the several installments enumerated and described in the declaration.

"In order that the plaintiff should be so totally and permanently disabled by bodily injury or disease, it is not necessary that the plaintiff prove, beyond a reasonable doubt, that he is bed-ridden as a result of such injury or disease, or reduced to a condition of complete helplessness. But he may be so disabled, within the meaning of the law, if he be so far incapacitated by such injury or disease that he cannot, within the range of his normal ability, taking into consideration his education, training in work and his physical condition, earn wages or profit in some occupation, and that he cannot engage in any gainful occupation or employment in the customary manner as a workman or employee. And such disability is permanent, within the meaning of the policy, if his condition at the time of the claim, was and is such as will reasonably convince you he was totally disabled and would so remain for life. There may always be some doubt in the mind of any one with respect to future bodily disease or disability, but disability may be said to be permanent, within the meaning of the law, when it is founded upon conditions that make it appear, with reasonable certainty, that it will continue through life. * * *

"In order for plaintiff to recover, it must appear, from a preponderance of evidence, that the plaintiff was, before the institution of this suit, permanently and totally incapacitated from following any gainful occupation. It is not enough for him to show that he cannot perform heavy manual labor, involving the exercise of great strength, but the plaintiff must show, from a preponderance of the evi-

dence, that as a result of the injuries or disease described in the declaration he was totally and permanently disabled from performing any gainful occupation."

The evidence under the pleadings and the charges of the Court was of such character as to present solely a question of fact for the jury's consideration. The jury having decided the controverted actual issues in plaintiff's favor, and the verdict having been approved by the trial judge who saw and heard the witnesses testify and who was in a position to closely observe plaintiff's attitude and appearance in court as a disabled individual, in connection with his consideration of defendant's motion for a new trial which the trial judge denied, we find no warrant for disturbing it here in view of the well settled rules of law obtaining in such cases. Fire Ass'n of Philadelphia v. Evansville Brewing Ass'n, 73 Fla. 904, 7 Sou. Rep. 196, and cases cited.

The other points are of minor importance so no discussion of them will be indulged in. It is sufficient to state that in our opinion there is no reversible error demonstrated in any of them. Hence the judgment should be affirmed and such will be our judgment here.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.