Elvir William Stossel v. Gulf Life Insurance Co.

161 So. 835.

Division A.

Opinion Filed January 7, 1935.

Petition for Rehearing Granted February 1, 1935.

Adhered to on Rehearing April 1, 1935.

*W. H. Mizell,* for Appellant.

*Loftin, Stokes & Calkins* and *Herbert H. Anderson,* for Appellee.

Terrell, J.—August 15, 1926, appellee executed two policies of insurance for $5000.00 each in favor of appellant. All premiums were paid on these policies up to and including May 15, 1930. When the quarterly premium due August 15, 1930, matured, the wife of appellant applied to appellee for a loan on the policies which was denied. The appellant was seriously injured in an airplane accident January, 1930, and on several occasions between August 15, 1930, and August 10, 1931, made application to appellee for disability benefits under the policies. Appellant was examined by physicians and disability benefits under the policy were denied him, whereupon this suit was brought.

The bill of complaint prayed for specific performance of the following provision of the contract of insurance.

"If the insured, before attaining the age sixty, provided all premiums have been paid and this policy is then in full force and effect, becomes physically or mentally incapacitated to such an extent that he is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation or financial value, and furnishes due proof thereof and that such disability has then existed for sixty days, the Company during the continuance of such disability, will waive payment of any premium payable upon this policy after receipt of such proof, and will pay to the Insured AN ANNUAL INCOME OF SIX HUNDRED DOLLARS A YEAR, payable in monthly installment, subject to the following conditions:

"1. The income shall be payable three months after the receipt of proof of disability, and monthly thereafter during the continuance of such total and permanent disability. Interest on any indebtedness on this policy shall be deducted from each Income Payment. The premiums so waived and the Disability Income so paid shall not be deducted from the amount payable at death; nor shall they impair the Loan or Surrender Values, if any, under this policy.

"2. The Company, after the acceptance of proof of disability, shall have the right, at any time, but not more frequent than once each year to require proof of the continuance of such total disability. If the insured shall fail to furnish satisfactory proof thereof, or if it appears at any time that the Insured has become able to engage in any occupation for remuneration or profit no further premiums will be waived and no further Income Payments will be made hereunder on account of such disability."

There was an answer to the bill, testimony was taken, and on final hearing the Chancellor dismissed the bill. The instant appeal is from the final decree dismissing the bill of complaint.

The Chancellor dismissed the bill on the ground that there was lack of showing of permanent disability as a result of the airplane accident in which the appellant was injured. The appellant contends that the Chancellor was actuated by an improper interpretation of the term "permanent disability" as employed in the contract of insurance. The appellee contends that, in addition of failure to show permanent disability, the appellant is barred because to assert any claim for permanent disability against the appellee because the insurance company had exercised its option under the policies to apply the cash surrender value to be paid up insurance after the lapse of the policies and long before the claim was made for permanent disability.

We do not think the latter contention would bar recovery if permanent disability is shown. The policies were in force at the time of the accident and they do not in terms require notice of the claim or proof of it prior to the time they lapse.

Since the appeal in this cause was taken this Court has in Cassens v. Metropolitan Life Ins. Co., 114 Fla. 659, 154 So. 522, and in Equitable Life Assurance Society of the United States v. Wiggins, 115 Fla. 136, 155 So. 327, had occasion to construe the term "total disability" as used in a policy of the kind under review.

From a careful review of the evidence we are not prepared to say that if the foregoing cases had been known to the Chancellor he would not have rendered a different decision. For this reason we think the cause should be reversed for further consideration and adjudication.

Reversed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.