ELVIR WILLIAM STOSSELL v. GULF LIFE INSURANCE CO. of Jacksonville.

166 So. 821.

Division B.

Opinion Filed March 12, 1936.

Rehearing Denied April 10, 1936.

*W. H. Mizell,* for Appellant;

*Loftin, Stokes & Calkins* and *Robert H. Anderson,* for Appellee.

BUFORD, J.—The appellant presents three questions,

which he says are to be determined by us in this case as follows:

"Question I. Is plaintiff in a Court of Equity entitled to a decree disposing of all questions in dispute on clear-cut issues, made by the pleadings and proof, within the jurisdiction of such Court rather than a decree in part?"

"Question II. Is insured entitled to a decree of specific performance on the disability provision contained in the policies of insurance in question, upon a finding and adjudication that insured has become wholly and presumably permanently disabled within the terms thereof?

"Question III. Under policies of insurance providing for total and permanent disability benefits, is the insured entitled to the presumption of permanence attached to proven total disability upon a finding that such disability of insured had existed continuously for more than two years?"

The same case was before us and an opinion was filed on January 7th, 1935. See Stossel v. Gulf Life Insurance Company, 119 Fla. 715, 161 Sou. 835. In that opinion we said:

"Since the appeal in this cause was taken this Court has in Cassens v. Metropolitan Life Ins. Co., 114 Fla. 659, 154 Sou. 522, and in Equitable Life Assurance Society of the United States v. Wiggins, 115 Fla. 136, 155 Sou. 327, had occasion to construe the term 'total disability' as used in a policy of the kind under review.

"From a careful review of the evidence we are not prepared to say that if the foregoing cases had been known to the Chancellor he would not have rendered a different decision. For this reason we think the cause should be reversed for further consideration and adjudication."

The mandate was filed in the lower court on April 10th, 1935. On the 12th day of April, 1935, solicitor for the

complainant addressed the following notice to solicitors for the defendant:

"Pursuant to the following notice: 'To Loftin, Stokes and Calkins, and Robert H. Anderson, Solicitors for Defendant. You and each of you are hereby notified that on April 17, A. D. 1935, at 10:00 o'clock in the forenoon of said day, or as soon thereafter as counsel may be heard, we will present the Mandate and Opinion of the Supreme Court in the above entitled cause to the HONORABLE C. E. CHILLINGWORTH, Judge of our said Court, in Chambers in the Court House in the City of West Palm Beach, Florida, and submit a Final Decree for his signature and ask for the taxing of costs and attorney's fees, and you may govern yourselves accordingly."

The record shows the following proceedings were had on the 19th day of April, 1935:

"The defendant in this cause has appeared before the Court this 19th day of April, 1935, for its further consideration and adjudication of said cause, and prior to the consideration and adjudication thereof by the Court, proffers to prove by a witness here present in court, in support of its contention that the plaintiff has not been totally and presumably permanently disabled, within the meaning of the policy, the following facts:

" 'That the plaintiff for some time past has been engaged in the operation of a fishing boat and customarily and regularly operates it between Riviera, in this county, and West End, British West Indies; that together with his son the plaintiff handles the business himself, and the operation of the boat; that plaintiff performs work in and about the boat and upon its engine and other equipment; that he customarily and regularly drives an automobile, and goes about the performance of his duties without difficulty, save

a slight limp, which does not prevent the performance of his duties by him.'

"In addition to the foregoing facts which the defendant proffers to prove by a witness here present in court, the defendant proffers to prove by the plaintiff himself, and in his absence by the record of vital statistics of Palm Beach County, that since the sustaining of his injury for which this suit was brought, that since the last hearing herein, at which the final decree was rendered, the plaintiff's wife has given birth to a child, which the defendant is informed is now of the approximate age of fourteen months.

"I proffer to prove these facts for your Honor's further consideration.

"MR. MIZELL: We object to any testimony being given or received by the Court, because it shows upon its face that it neither proves or disproves any issue before the court; and, on the further ground, that proof of ability to have a baby, or for plaintiff's wife to have a baby, is not the criterion by which to determine the disability of the plaintiff in this case; and because said testimony is irrelevant and immaterial to prove any issue before the court at this time.

"THE COURT: Objection sustained.

"MR. MIZELL: If the Court please, we submit this case upon the record and upon the opinion and mandate of the Supreme Court."

And on the same date the Court entered an order which was, in part, as follows:

"IT IS ORDERED, ADJUDGED AND DECREED:

"1. That the final decree entered April 22, 1932, be reversed and vacated.

"2. That, as of April 22, 1932, the defendant, Gulf Life Insurance Company, of Jacksonville, Florida, a Florida

Corporation, be and is hereby ordered and directed to waive payment of any premiums payable upon said policies of insurance here sued upon, to-wit: Policies No. 013321 and No. 013322, subsequent to the date of the injury of complainant, January 19, A. D. 1930, and that the defendant be and is hereby permanently enjoined from transforming or transferring said policies or either of them to paid-up insurance, in the amount of $161.00 or any other sum whatever, and is hereby ordered and directed to reinstate and place the same in good standing.

"3. That, as of April 22, 1932, there is due and owing to the complainant by the defendant under the terms of the insurance policies here sued on, the principal sum of $2700.00, together with interest thereon in the sum of $243.00, making total of principal and interest in the sum of $2,943.00, from which said amount the defendant is hereby allowed to deduct the loan theretofore made to the complainant on each of said policies in the amount of $150.00, together with interest thereon at the rate of 6% per annum from the 23rd day of December, A. D. 1929, being the total sum of principal and interest of $396.00, leaving a net amount due complainant by defendant of $2,547.00.

"4. That the complainant do have and recover from the defendant the cost of further proceedings herein taxed by the Court at $2.00.

"5. That the complainant may have execution as in cases at law for any and all sums found to be due in this decree for all of which let execution issue.

"DONE AND ORDERED in Chambers, at West Palm Beach, Palm Beach County, Florida, this 30th day of April, A. D. 1935."

On June 21st, 1935, the complainant filed his notice of

appeal which was duly recorded and on the 25th day of June filed his assignments of error, as follows:

"1. The Court erred in granting only partial relief to plaintiff.

"2. The Court erred in failing to decree specific performance of the policies of insurance sued on.

"3. The Court erred in failing to compute and decree the sum or amount due plaintiff for the elapsed time between April 22nd, 1932, and April 30th, 1935.

"4. The Court erred in failing to decree that defendant pay unto plaintiff the monthly installments provided for in each of said policies of insurance during the continuance of the disability of plaintiff.

"5. The Court erred in applying the presumption of law and fact against the plaintiff and in favor of the defendant."

In answer to the first question we say that the complainant in a court of equity is entitled to a decree disposing of all questions which the pleadings and the conduct of the parties put in issue and require the disposition of.

Under the pleadings in this case it would have been entirely competent for the court to. have heard evidence and received proof as to the physical condition of the complainant between the date of the order dismissing the bill of complaint on April 22, 1932, and the date of the hearing on the 19th day of June, 1935. The issues were just the same on the date of the last hearing after the mandate of this Court had gone down, as they were at the time the bill of complaint was dismissed, but when the defendant in the court below offered to submit proof to the court touching that condition, the complainant objected and the objection was sustained. If the ruling of the court in sustaining this objection was error, the error was invited by the appellant and the appellant could take no advantage of an error which

he caused to be committed. In the case of Equitable Life Assurance Society of the United States v. Wiggins, 115 Fla. 136, 156 Sou. 327, we said, quoting with approval from the case of Cassens v. Metropolitan Life Ins. Co., 114 Fla. 659, 154 Sou. 522, that the following charges given by the court below were correct:

"Should you find from the evidence—by a preponderance of the evidence on behalf of the plaintiff in this case, that the plaintiff, as a result of the injury described in the declaration, was totally and permanently disabled by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, then you will find for the plaintiff and assess such damages as are alleged in the declaration to be due to the plaintiff by reason of the failure of the defendant to pay the several installments enumerated and described in the declaration.

" 'In order that the plaintiff should be so totally and permanently disabled by bodily injury or disease, it is not necessary that the plaintiff prove beyond a reasonable doubt that he is bedridden as a result of such injury or disease, or reduced to a condition of complete helplessness. But he may be so disabled, within the meaning of the law, if he be so far incapacitated by such injury or disease that he cannot, within the range of his normal ability, taking into consideration his education, training in work and his physical condition, earn wages or profit in some occupation, and that he cannot engage in any gainful occupation or employment in the customary manner as a workman or employee. And such disability is permanent, within the meaning of the policy, if his condition at the time of the claim was and is such as will reasonably convince you he was

totally disabled and would so remain for life. There may always be some doubt in the mind of anyone with respect to future bodily disease or disability, but disability may be said to be permanent, within the meaning of the law, when it is founded upon conditions that make it appear, with reasonable certainty, that it will continue through life.

" 'In order for plaintiff to recover, it must appear, from a preponderance of evidence, that the plaintiff was, before the institution of this suit, permanently and totally incapacitated from following any gainful occupation. It is not enough for him to show that he cannot perform heavy manual labor involving the exercise of great strength, but the plaintiff must show, from a preponderance of the evidence, that as a result of the injuries or disease described in the declaration he was totally and permanently disabled from performing any gainful occupation.' "

We do not now recede from the enunciations contained in those opinions, but it does not follow in a chancery cause any more than it would in a law action that when the decree of the chancellor has been reversed and the cause remanded for reconsideration and a new adjudication, the parties will be bound by only that evidence which had been produced before the first decree or judgment was entered.

It would be, indeed, to assume an unwarranted position for us to hold that because the evidence showed one to have been so disabled in 1932 the court might have, under the law, then assumed that he would be permanently disabled, that when the cause came on for further hearing in 1935 the court would be bound by the presumption which arose by reason of a condition shown to exist in 1932 as against existing contrary facts which might be shown to exist in 1935.

As we understand the contention of the appellant, it is

that because the evidence taken before the decree dismissing the bill of complaint in 1932 was sufficient to show a permanent disability up to that time, that he was not only entitled to a decree for the accrued benefits under the terms of the policy, but he was entitled to a decree for specific performance of the contract as long as he remained so disabled. This contention may have been sound if applied to a decree in favor of the complainant at that time, but such decree was not entered and when the cause was remanded, the complainant failing to prove disability up to the date of the hearing, but electing to stand upon the testimony and the record as it stood when the first decree appealed from was entered, he could not complain that the court refused to enter a judgment or decree which he had not introduced proof to support.

The appellee has filed cross assignments of error.

We hold that the action of the court in sustaining complainant's objection to the defendant's proffer of proof hereinbefore referred to constituted reversible error.

When this cause was remanded to the court below it was directed by this Court that it should be reconsidered in the light of the law as enunciated by this Court in Cassens v. Metropolitan Life Ins. Co., *supra,* and Equitable Life Assurance Society of the United States v. Wiggins, *supra.* That mandate of this Court returned this case to the lower court in the same condition as if the order from which the appeal was taken had not been made. Under these conditions, it was proper for the Chancellor not only to reconsider that proof which had been submitted in the light of those decisions, but it was also the right of either of the parties by acting promptly and after notice to submit any further evidence that might be material to the issues in the light of the opinions and judgments in the cases referred to.

For the reasons stated, the decree is reversed on the cross assignments of error of the appellee and the case is remanded for further proceedings not inconsistent with the views herein expressed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J., dissents in part.

DAVIS, J. (dissenting in part).—Under the contract of insurance as written, the plaintiff below was entitled to recover if he became "presumably" permanently disabled, etc., within the terms of the policy entitling him to that benefit. Under a separate clause of the policy this "presumably" permanent disability once made to appear by the insured was capable of being rebutted only in one way. That way was for the insurance company to affirmatively invoke its optional requirement that the plaintiff should furnish proof of the continuance of the disability from year to year so long as his disability "presumably" was permanent in order to enable the insurance company to decide by actual test, whether the originally incurred disability was still "presumably" permanent. Homever, under the very terms of the policy as written, the failure of the plaintiff to voluntarily prove that the original disability remained a "presumably" permanent disability, or that it was in fact permanent, does not defeat the right of recovery that accrues and remains in force so long as the disability remains "presumably" permanent. The plaintiff below is entitled to the benefit of the court's decree of recovery for his "presumably" permanent disability until the insurance company by affirmatively invoking its policy right to require further proof under sub-paragraph 2 of the disability clause of the policy, elects to demonstrate the discontinuance of the

originally "presumably" permanent disability. The decree should be affirmed as to the allowance of the amount accrued up till and including April 22, 1932, and dismissed as to the subsequent claim without prejudice to its future adjudication on its merits.