BLUE BELT FERTILIZER COMPANY, a Georgia Corporation, v. P. P. PULLEN.

169 So. 615.
Division B.
Opinion Filed August 6,. 1936.

*Shipp, Evans & Kline,* for Petitioner;

*W. O. Bozeman, Waller & Pepper* and *William D. Hopkins,* for Respondent.

PER CURIAM.—Petitioner, Blue Belt Fertilizer Company, a Georgia Corporation, operated a fertilizer warehouse in Homestead, Florida, by and through its agent, H. L. Cheney. Respondent, P. P. Pullen, a farmer living in the vicinity of Homestead, purchased thirty sacks of fertilizer from Cheney August 5, 1933, paying cash and taking Cheney's receipt therefor. The receipt provided that "this fertilizer to be stored in Homestead warehouse and delivered to P. P. Pullen as called for. To be insured and kept in good condition. No charge for storage or delivery.

Pullen took eight sacks of the fertilizer at the time he purchased and later inquired about the balance which was at the time pointed out to him by Cheney. On November 6, 1933, Pullen again made demand on Cheney for the balance of the fertilizer, but this demand was refused and a writ of replevin was sued out and levy made on twenty-two sacks of fertilizer by Pullen. Redelivery bond was executed by petitioner and possession of the fertilizer was taken by it.

The case came on for trial before the Justice of the Peace in and for the Fourth Justice District of Dade County, who after hearing the evidence entered judgment against the petioner, who was defendant in the trial court. Said judgment was on appeal affirmed by the Circuit Court, a rehearing and reargument were granted resulting in a reaffirmance by the Circuit Court of its previous decision. Petitioner now seeks to quash this judgment on certiorari.

The sale and payment for the fertilizer and the delivery of the eight sacks to respondent in the manner stated is not disputed. Petitioner contends that replevin will not lie because the twenty-two sacks which were left in the warehouse had been sold and were never delivered to respondent, that the fertilizer replevined was actually manufactured and

shipped to the warehouse months after the sale, and had no relation to the contract of sale.

There is no question of the agency of Cheney, though it is shown that he was discharged about the time this litigation was started. The contract of assignment or receipt showing the sale to Pullen was executed by him (Cheney) and delivered to Pullen when the sale was made, it is ample to constitute delivery of the fertilizer to Pullen, and it was thereby agreed by petitioner to take care of the fertilizer not delivered until called for by Pullen. The only other question presented was whether the fertilizer replevined was that actually sold and delivered to Pullen. This was a question of fact for the jury. It is true that several months had intervened, but the company agreed to take care of the fertilizer until called for. The evidence on this point was in conflict and the court resolved the conflicts against petitioner.

This Court will not review conflicting evidence on certiorari. It is not shown or contended that the judgment of the trial court was induced by illegal evidence. The writ of certiorari granted herein is accordingly quashed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.