GULF LIFE INSURANCE COMPANY v. ELVIR WILLIAM
STOSSEL

175 So. 804.
Division A..
Opinion Filed June 30, 1937.

*Loftin, Stokes & Calkins, Robert H. Anderson* and
*Harold B. Wahl,* for Appellant;

*W. H. Mizell,* for Appellee.

TERRELL, J.—This is our third consideration of this case.
See Stossel v. Gulf Life Insurance Company, 119 Fla. 715,
161 So. 835; Stossel v. Gulf Life Insurance Company, 123
Fla. 227, 166 So. 821. A fuller statement of the salient
facts will be found in these cases.

We are confronted in this consideration with the ques-
tion of whether or not the evidence shows that Stossel was
physically or mentally incapacitated to such an extent that
he is now and will be wholly and presumably permanently

unable to engage in any occupation or perform any work for compensation.

The chancellor took the testimony and found that Stossel has suffered a compound fracture of the third lumbar vertebra and other injuries, thereby becoming physically incapacitated to such an extent that he is wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value within the meaning of the policies sued on.

The evidence is in some respects conflicting but it supports the finding of the chancellor and we find nothing to induce us to believe that he was influenced by considerations outside the record that would require reversal. In fact this question turns on the probative force of the evidence and where such is the case, we have so often held that the decree below will not be disturbed unless clearly erroneous that it would hardly seem necessary to cite supporting authority.

Appellant devotes the major portion of its brief to the proposition that in order to recover in this case, it is essential that appellee, while the policies were in full force, furnish due proof of his disability. It is alleged that he failed to do this.

Unquestionably an insurance company may impose such a condition as a prerequisite to recover and when so imposed, they have been upheld, but in a prior consideration of this case, we held that the policies were in force at the time of the accident and that they did not in terms require notice of claim and proof of disability before the lapse of the policy. Stossel v. Gulf Life Insurance Company, 119 Florida 715, 161 So. 835. This holding would seem to be the law of the case and a complete answer to the

latter question. Appellant in other words does not bring itself within the rule relied on.

In support of its contention, Appellant exhibited here and in the court below some moving picutre films. We have not before been called on to rule on the challenge to this class of evidence. We hold that such evidence is admissible, but to be so, it must be produced under the direction of a commissioner appointed by the court for that purpose. Opposing counsel should also have notice and an opportunity to be present and the application to take it must make it appear to the trial court that it is material and will enlighten the court on the issues involved. Otherwise it should not be admitted.

We have at great labor examined the cases relied on by Appellant and fail to find that they militate against this view. The judgment below is accordingly affirmed.

Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

BROWN, J., concurs specially.

BROWN, J.—I concur, except as to part of what is said about the admissibility of moving picture films. There might be cases where such pictures, taken before the controversy gets into court, would be valuable evidence. Of course the circumstances under which they were taken could be shown, to rebut if possible the probative force of the pictures. After suit is brought, I concur in the suggestion that, to be admissible, such pictures should be taken by or under the supervision of a court commissioner. While, fairly taken, such pictures might be useful in exposing fraudulent claims, when such are attempted, they can be taken in such a way as to mislead and give a false impression. I do not mean to intimate that any such deliberate effort to mislead was present in this case, but any general

rule that is adopted should take this possibility into consideration and erect reasonable safeguards against it.