HENDRY, Judge.
The plaintiff appeals from a summary judgment in defendant’s favor, granted by the Civil Court of Record.
Appellant instituted this suit on an insurance policy which provided for certain benefits to be paid as a result of inability to perform his occupation resulting from sickness.[1] The plaintiff showed that he had been employed as an optician by the Keene Optical Company for approximately thirty-three years when it was discovered that he had developed eye trouble diagnosed as Fuch’s Dystrophy. As a result of this eye trouble, the plaintiff was not able to perform his duties satisfactorily. He specifically could not adequately perform the close detail work required of an optician. His percentage of breakage increased from an average of 5% to over 30%. This resulted in the plaintiff’s employer being forced to discharge him.
The defendant refused payment under the policy claiming that this injury was not a total disability. In support of this contention, the defendant submitted the affidavit of an ophthalmologist which stated that in his expert opinion this eye disorder should not disable plaintiff from performing the duties of an optician. Based thereon, the trial court granted the defendant’s motion for summary judgment. We can not agree with this ruling and reverse.
The ultimate factual question in this case is whether the insured was totally disabled from performing his duties as an optician. Under certain circumstances, the question of whether disability exists may be one of law, but more often this is a question of fact for determination by the jury.[2] It is obvious that the parties are at odds as to whether this man was disabled. Further investigation reveals that there are factual disputes as to the evidence which tend to support or refute the appellant’s contention of a disability. On the one hand, there is *549 the appellant’s employer who asserts that he was forced to discharge appellant from the position he had held for over thirty years solely because appellant was unable to perform his duties. In opposition thereto, is the expert opinion of the doctor that this disease should not be disabling.
We will not decide whether an expert’s opinion as to what should occur is entitled to less weight or more weight than that of a witness’ testimony as to what actually occurred, but we do decide that such a conflict should not be resolved by summary judgment.[3]
Accordingly, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.

. The insurance contract provided in pertinent part: “Aetna Life Insurance Company * * * hereby insures the person named * * * against loss resulting from sickness contracted and commencing while this policy is in force * *
* * * * *
“Total disability: * * * if such sickness shall wholly and continuously disable and prevent the insured from performing every duty pertaining to his occupation, * *

. Equitable Life Assur. Soc. of United States v. Wiggins, 115 Fla. 136, 155 So. 327 (1934).

. See Vihon v. McCormick, Fla.App.1958, 109 So.2d 400; Warring v. Winn-Dixie Stores, Fla. App.1958, 105 So.2d 915.