## WILLIAMS v. BOSTON MANUFACTURERS MUTUAL INSURANCE CO.
### No. 2507.

Circuit Court, Dade County, Civil Appeal.
May 11, 1965.

James E. Tribble of Blackwell, Walker & Gray, Miami, for appellant.

Arthur Newman, Miami, for appellees.

FRANCIS J. CHRISTIE, Circuit Judge.

This cause came on for hearing on a civil appeal from the small claims court of Dade County. From the record of the proceedings of the lower court and the briefs, and argument of counsel, the following facts appear—

The appellees, plaintiffs in the trial court, were insureds under a home-owner's policy of insurance issued by the appellant-defendant below. On October 23, 1963, the theft of the insureds' outboard motor and other boating equipment was discovered. A few weeks later, two bicycles were also stolen from the insureds. At the time of the first theft loss, the insured's wife and their teen-aged son consulted what they believed to be the insurance policy issued by the appellant, then in force. It was discovered that the policy which they consulted provided no coverage for loss by theft, and thus no notification of the losses was given to the insurance company.

Around January 10, 1964, the insured, Mr. Williams, learned through a friend that his policy of insurance with the appellant did provide coverage for theft. Upon checking, it was discovered that the policy in force at the time in question *did* cover the losses, and that the insured wife and son had consulted an out-dated policy which was *not* in effect at the time of the losses. Thereupon, more than 90 days following the thefts, the insureds notified the company of the losses.

The appellant company denied the insureds' claim on the ground that notice of the losses was not given "as soon as practicable" as required by the express terms of the policy.

It is the opinion of the court that the notice of the losses was not given "as soon as practicable" and therefore, the appellees' claim must fail as a matter of law.

It is a general rule that compliance with notice provisions of insurance policies of the type involved in this case is a condition precedent to liability under the policy, and that accordingly, the insurer is not liable where such notice is not given. Hartford Accident & Indemnity Co. v. Mills (Fla. App. 1965), 171 So. 2d 190; Hartford Fire Insurance Co. v. Redding, 47 Fla. 228, 37 So. 62; Gulf Life Insurance Co. v. Stossel, 131 Fla. 268, 175 So. 804; State Farm Mutual Automobile Insurance Co. v. Ranson (Fla. App. 1960), 121 So. 2d 175; Morton v. Indemnity Insurance Co. of North America (Fla. App. 1962), 137 So. 2d 618.

The failure of the insureds to notify the company for a period of more than 90 days following the losses did not constitute notice "as soon as practicable". The failure to give such notice was, moreover, not excusable simply because the insureds did not believe that they had coverage under their policy. The belief by an insured that no liability exists on a policy does not excuse the failure to notify the insurer of a loss under the policy where the policy requires the insured to give such notification. Hartford Accident & Indemnity Co. v. Mills, supra; Morton v. Indemnity Insurance Co. of North America, supra.

Upon consideration of the foregoing, it is ordered and adjudged that the final judgment of the small claims court of Dade County in the case of Carl D. and Viva F. Williams v. Boston Manufacturers Mutual Insurance Co., case no. 125035, entered on July 14, 1964, be and the same is hereby reversed. The cause is remanded to the small claims court with orders to vacate and set aside its judgment, and to enter final judgment for the defendant.