PER CURIAM.
By this appeal, the defendant in the trial court questions the correctness of a final judgment entered by the trial court, sitting as the trier of the fact, in an action to recover under an accident policy.
The critical issue involved was whether or not the plaintiff had been involved in an accident resulting in total permanent disability. The following provision is found in the policy:
* * * * * *
“COVERAGE B — PERMANENT TOTAL DISABILITY means such disability commencing within 180 days from the date of accident and continuing for twelve consecutive months, which shall prevent the Insured from engaging in any occupation or employment for which he is fitted by reason of education, training and experience for the remainder of his life.”
* * * * * *
Counsel for the appellant urges that this determination is a question of law and not one of fact. We disagree.
It is a question of fact to be determined under proper pleadings, and not of law. Equitable Life Assurance Society of the United States v. Wiggins, 115 Fla. 136, 155 So. 327 (1934); New York Life Insurance Co. v. Lecks, 122 Fla. 127, 165 So. 50 (1936); Old Equity Life Insurance Company v. Levenson, 177 So.2d 50 (Fla. 3rd D.C.A. 1965); Hartnett v. Southern Insurance Company, 181 So.2d 524 (Fla.1965); Federated Department Stores, Inc. v. Planes, 305 So.2d 248 (3rd D.C.A. 1974).
The trier of fact having found that the claimant was permanently disabled under the terms of the policy, the final judgment here under review be and the same is hereby affirmed.
Affirmed.