Julian H. **GROFF**, Plaintiff,

v.

The **PAUL REVERE LIFE INSURANCE COMPANY**, Defendant.

No. 91–1601–CIV.

United States District Court,
S.D. Florida,
Miami Division.

Oct. 28, 1994.

**1520**

Jonathan H. Groff, S. Miami, FL, for plaintiff.

Mark D. Greenberg, Miami, FL, for defendant.

## ORDER

K. MICHAEL MOORE, District Judge.

**THIS CAUSE** came before the Court upon Defendant's motion for judgment as a matter of law or, in the alternative, for a new trial (DE 42). Having reviewed the record, considered the argument of counsel, and been advised on the premises, the Court **DENIES** Defendant's motion.

The facts of this case are set forth in this Court's August 4, 1993 Order denying Defendant's motion for summary judgment. Trial was held, and a jury returned a verdict for Plaintiff on August 17, 1993. Defendant now seeks judgment as a matter of law or a new trial. Fed.R.Civ.P. 50.

First, Defendant seeks judgment as a matter of law or a new trial because the Court purportedly misinstructed the jury on the circumstances under which it could find that Plaintiff had suffered a "total disability." Defendant's insurance policies (the "Policies") define "total disability" as a condition in which "the insured is unable to perform the duties of his regular occupation." At trial, the Court read this policy definition to the jury and explained:

Whether or not a person is totally disabled depends upon the character of the occupation, the capabilities of the insured, and the circumstances of the particular case. It is

necessary to look at the insured's occupation as a whole to determine whether the insured can no longer perform his occupational duties. The term "total disability" does not mean absolute helplessness, but contemplates a disability to perform all the substantial and material acts necessary to his regular occupation *in a customary and usual manner.* (underscore added)

Defendant challenges the underscored portion of the Court's instruction, arguing that it was an incorrect interpretation of the Policies' definition of "total disability." According to Defendant, the Court's instruction "rewrote" the Policies to provide for broader coverage than they actually afforded.

Defendant is wrong. In *Russell v. Prudential Ins. Co. of Am.,* 437 F.2d 602 (5th Cir.1971), the plaintiff had been a manager of a distribution center, where he had had complete responsibility for personnel, sales, purchasing, inventories, customer relations, and contract negotiations. After he was treated for various medical conditions, his employer fired him. Plaintiff, in turn, sought recovery under his total disability policy, which defined "total disability" to mean "the complete inability of the Employee ... to perform any and every duty pertaining to his occupation." *Id.* at 604. His insurer denied coverage, and he sued for breach of contract. After a bench trial, the trial court found that Plaintiff had been totally disabled and entered a verdict in his favor.

The Fifth Circuit affirmed. It observed that:

[t]he law is well settled ... that the term "total disability" does not mean absolute helplessness on the part of the insured; benefits may be recovered where the insured cannot perform all the substantial and material acts necessary to the prosecution of his business or occupation *in the usual and customary manner.*

*Id.* at 605 (underscore added). Applying this standard, the court held that the plaintiff had been totally disabled because his injuries had impaired his "ability to handle vital correspondence" and had deprived him of the stamina to put in long working hours, conditions that rendered him unable to perform all

the functions "of his job in the usual and customary manner." *Id.* at 606.

The explanation of "total disability" given by this Court in its instruction to the jury is almost identical to the reading of that term in *Russell.* Further, there is no relevant difference between the definitions of "total disability" in the instant Policies and the policy in *Russell.* This Court's instruction to the jury thus was proper.[1]

 Second, Defendant asks for a new trial because, even under the Court's interpretation of "total disability," the jury's verdict was against the clear weight of the evidence. According to Defendant, the clear weight of the evidence showed that Plaintiff was not disabled from performing any substantial and material acts necessary to his regular occupation in the usual and customary manner.

"[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great ... weight of the evidence." *Redd v. City of Phenix City,* 934 F.2d 1211, 1214 (11th Cir.1991) (quotation omitted). The jury's verdict was not against the great weight of the evidence. Although Defendant proffered evidence that Plaintiff had continued his office practice by examining patients, supervising office staff, and making post-operative visits, evidence at trial also demonstrated that Plaintiff no longer was able to perform major head and neck cancer surgeries unassisted. These surgeries formerly constituted a major portion of Plaintiff's practice. In addition, Plaintiff put on evidence that he no longer could perform minor procedures at his office but, instead, had to perform these procedures at a hospital. The jury reasonably could have found that Plaintiff was totally disabled under these circumstances. *See Russell,* 437 F.2d at 606 (plaintiff totally disabled because he no longer had energy to put in long hours and had

restricted ability to handle vital correspondence); *see also Olson v. Aetna Life Ins. Co.,* 171 So.2d 548, 548 (Fla.Ct.App.1965) (jury properly could find that optician was totally disabled where his breakage of lenses increased from 5% to 30%).

For the reasons discussed, the Court concludes that Defendant is entitled to neither judgment as a matter of law nor a new trial.

**DONE AND ORDERED.**

---

1. *Russell* construed Louisiana law in interpreting "total disability." Plaintiff's Policy is governed by Florida law. *See Fritz v. Standard Sec. Life Ins. Co. of New York,* 676 F.2d 1356 (11th Cir. 1982) (when interpreting Florida disability policy, court is "bound by the substantive law of Florida"). This Court's August 4, 1993 Order makes clear that Florida law construes "total disability" as the *Russell* court did.

In a closely related argument, Defendant argues that the Court's instruction converted its total disability Policies into partial disability policies. Aside from the reasons already provided, this claim fails because the Court explicitly instructed the jury that the Policies "at issue here do not provide for the payment of benefits for partial disability."