ERNEST BERGER v. MILTON H. MABRY, Liquidator of Lafayette Bank.

151 So. 302.
Opinion Filed November 28, 1933.
Rehearing Denied December 18, 1933.

32

*Taliaferro, Morris & Carter,* for Plaintiff in Error;
*Mabry, Reaves, Carlton & White,* for Defendant in Error.

DAVIS, C. J.—Plaintiff in Error, Ernest Berger, a stockholder in the Lafayette Bank, on January 12, 1929, more than six months prior to the closing of said bank, for a valuable consideration sold and transferred twenty shares of the bank's stock to one Ann Kiser, a stenographer who

had moved to Havana, Cuba, and on said date delivered to Miss Kiser, through the United States mail, a stock certificate representing said twenty shares of stock issued to him, properly endorsed and transferred to the assignee on the back thereof, but did not notify the officials of the bank of said sale or transfer, and did not see to it that the sale or transfer of the stock was noted on the bank's records.

On September 14, 1929, the bank failed and was taken over by the Comptroller, who officially determined that a stock assessment to the amount of 100 per cent was necessary to be made against all the holders of the capital stock of said Lafayette Bank, for the benefit of creditors. Section 4128 R. G. S., 6059 C. G. L.

Ernest Berger, the defendant below, was charged with said 100 per cent assessment on the basis of the stock appearing in his name on the bank's records on the date of the assessment which was on September 19, 1929. This suit was brought by the bank's liquidator to collect said assessment, and the facts above recited appeared in the pleadings and the evidence. Judgment for the liquidator was rendered against defendant on a directed verdict. That judgment is attacked in this Court on writ of error.

It is conceded by the defendant in error that Section 3 of Chapter 13576, Acts of 1929, had not, on January 12, 1929, the date of the alleged transfer of stock from Berger to Miss Kiser, become a law of this State.* So the statute

---

*Section 3. That Section 4128 of the Revised General Statutes of the State of Florida be amended so as to read as follows:

Section 4128. LIABILITY OF STOCKHOLDERS. Stockholders of every banking, savings and trust company shall be held individually responsible equally and ratably and not for one another for all contracts, debts and engagements of such company to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares. Per-

applicable to the liability of stockholders of banks, on January 12, 1929, was Section 4128, R. G. S., 6059 C. G. L., which reads as follows:

"LIABILITY OF STOCKHOLDERS.—Stockholders of every banking company shall be held individually responsible equally and ratably and not for one another for all contracts, debts and engagements of such company to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares. Persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in trust funds would be, if living and competent to hold the stock in his own name.   (Ch. 3864, Acts 1889, Sec. 20.)"

At the trial no attempt was made by the liquidator to prove the existence of any provision of the charter of the bank or any by-law requiring transfers of stock from one stockholder to another to be registered on the books of the bank, nor was any evidence offered to question in any way the *bona fides* of defendant's actual sale and transfer of his stock to Miss Kiser of January 12, 1929, as testified to by him and as averred in his plea.   Plaintiff liquidator offered no evidence.   Defendant's testimony sustained his

sons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liability as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested in trust funds would be, if living and competent to hold the stock in his own name. Stockholders who shall have transferred their shares or registered the transfer thereof within six months next before the date of the failure of such company to meet its obligations, or with knowledge of

plea in point of fact. In that state of the case the verdict for plaintiff was directed.

The first proposition urged by plaintiff in error is that the plea he interposed had been already adjudged sufficient on demurrer, and that at the trial upon the plaintiff's declaration and such plea, that he proved his plea by uncontradicted evidence, and that therefore it was error to direct a verdict for the plaintiff in disregard of the established truth of the plea in point of fact. If the plea was a good defense in point of law, plaintiff in error's contentions in this respect are sound and the direction of a verdict was error.

But a motion for a directed verdict is the equivalent of a demurrer to the evidence in this State. Alley Co. v. Ball, 102 Fla. 1034, 136 Sou. Rep. 704. And since the evidence in support of a plea can have no greater effect as a proven defense in law than the plea under which it was offered warrants (because of the rule that the *allegata* and *probata* must correspond), a motion for a directed verdict on the ground that a plea has been established as a defense as a matter of law, in legal effect puts in issue for a ruling by the Court thereon, both the sufficiency of the plea as a matter of pleading as well as the legal sufficiency of the evidence to warrant a directed verdict on such plea. This is so because a court should never direct a verdict on a plea

such impending failure shall be liable to the same extent as if they had made no such transfer, to the extent that the subsequent transferee fails to meet such liability; but this provision shall not be construed to affect in any way any recourse which such shareholders might otherwise have against those in whose names such shares are registered at the time of such failure. Provided the seller shall have notified the bank in writing by registered mail or taken receipt from bank therefor." (Chap. 13576 became a law July 30, 1929.)

that is in law insufficient as a defense. And if it does so, motion for a judgment *non obstante veredicto* in plaintiff's favor should thereafter be granted. See Evans v. Kloeppel, 72 Fla. 267, 73 Sou. Rep. 180.

So despite the fact that on plaintiff's demurrer to the plea, such plea had been held good, the plaintiff's motion for a directed verdict again put its sufficiency in issue, since in ruling on a motion for a directed verdict (which is in law equivalent to a demurrer to the evidence) the court must give its judgment, either sustaining or denying the motion, in favor of that party who at the time the motion is interposed appears, on the face of the whole record, including the evidence, lawfully entitled to judgment.

The plea relied on to constitute a defense was in confession and avoidance of the claim set up in the declaration. This is so because it admitted all the essential facts that the declaration alleged, but averred in avoidance thereof that defendant had not, in truth and in fact, been a stockholder of the bank since January 12, 1929, because of his stock transfer on that date to Miss Kiser made in the manner stated in the plea.

In order to establish an avoidance of liability as a stockholder of a bank, where at the time of the Comptroller's assessment the bank's records show the stock standing in the name of the person assessed as a stockholder under Section 4128 R. G. S., 6059 C. G. L., such person must negative at least the legal presumption arising from the registered evidence of the stock's ownership on the bank's records in his name, by showing that an unregistered transfer relied on to defeat the assessment based on the evidence afforded by the bank's stock register, was, when employed, an authorized method of transferring such stock according to some charter provision or by-law of the bank, warranting

such manner of transfer as a means of changing the trans-ferrer's stockholder's status thereby, it being admitted that the bank's stock register does not reflect the transfer.

Plaintiff in error relies upon the supposed presumption that in the absence of a statute, charter provision, or by-law of a bank, affirmatively requiring transfer of its shares of stock to be registered on the bank's books, that such regis-tration is unnecessary to relieve an actual transferrer (with-out registration) from liability for a statutory assessment as a stockholder under Section 4128, R. G. S., 6059 C. G. L.

In support of his contention, plaintiff in error cites 6 Fletcher Encyclopaedia of the Law of Private Corporations, 6317, as follows:

" 'Registration of a transfer of shares on the books of the corporation is not necessary to the validity of the transfer, or the substitution of the transferee for the transferrer as a stockholder, either as between the parties themselves, or as against the corporation or its creditors or as against a subsequent attaching creditor of the transferrer unless such formality is expressly required by or under the charter of the corporation or some general law or by a valid by-law of the corporation.' "

See also: Sayles v. Bates, 15 R. I. 342, 5 Atl. Rep. 497; Dain Mfg. Co. v. Trumbull Seed Co., 95 Mo. App. 144, 68 S. W. Rep. 951; Condit v. Galveston City Co. (Tex. Civ. App.), 186 S. W. Rep. 395; Seidel v. Shaw (Tex. Civ. App.), 7 S. W. Rep. (2nd) 671.

Assuming the law of Florida to be the same as that set forth in the text books and cases just cited, the proposition involved in this case is whether or not the Comptroller's asessment of a 100 per cent stock liability against Berger on September 19, 1929, after the bank closed, is a valid assessment, when in making it the Comptroller acted upon

evidence appearing in the bank's stock register to the effect that Berger was, on the date the bank closed, a stockholder of the defunct bank to the extent of twenty shares of its stock shown of record in his name.

Our conclusion on this point is, that after a bank has been closed and taken charge of for liquidation by the Comptroller, that the Comptroller, in determining who are liable as stockholders of the bank to an assessment under Section 4128 R. G. S., 6059 C. G. L., *supra,* may make such an assessment on the basis of the showing of stock ownership as it appears in the bank's stock register as of the date the bank closed, and that a stock assessment so made, without any notice of a secret, unregistered transfer of the stock having been made long prior to the time the bank closed, is good as against those who appear stockholders of record on the bank's stock register at the time the bank closed, even though the transferee may be also liable as an actual stockholder for a like assessment on the same stock until the total assessment on such shares is fully discharged.

The banking statutes of Florida, both before and after the 1929 amendments made by Chapter 13576, Acts of 1929, contemplated ability on the part of the comptroller to effectively impose and collect, by means of stock assessments, for the benefit of depositors and other creditors, an *additional* amount equal to "the amount invested in such shares." And stock assessments duly made by the Comptroller, after a bank has become defunct, predicated upon the showing of record of stock ownership of shares of stock in the bank at the time the bank closed, are enforceable as against those who, at the time the bank closed, appeared on its records to be stockholders of the defunct bank.

Treadwell v. Riley, 106 Fla. 68, 138 Sou. Rep. 757, 142 Sou. Rep. 817.

The plea, therefore, being one in confession and avoidance, was insufficient to constitute a defense, because the avoidance of the plea is not co-extensive with the confession. Florida East Coast R. Co. v. Peters, 72 Fla. 311, 73 Sou. Rep. 151, Ann. Cas. 1918D 121. So verdict for plaintiff was properly directed on the sufficiency of the plea, despite the fact that the evidence sustained it.

Affirmed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur. BROWN, J., dissents.