J. W. Ruff v. Carrie L. Cooper.

169 So. 490.
Division B.
Opinion Filed July 16, 1936.

*Wm. G. King* and *Wm. K. King,* for Plaintiff in Error; *Mabry, Reaves, Carlton & White,* for Defendant in Error.

Buford, J.—The writ of error brings for review a judgment for a wife who was a free dealer and was sued as such in a suit against her on a note which appeared to be the joint and several obligation of her and another, such other being her husband.

The pleas to the declaration on which trial was had were amended pleas as follows:

"First Plea. That the note sued upon was signed by this defendant jointly with her husband, G. W. Cooper, under the following circumstances and not otherwise, namely: G. W. Cooper, whose signature the note also bears and who is now deceased, was at the time said note was executed and had been for many years the husband of this defendant. The said G. W. Cooper owed the plaintiff $5,000.00, and had been owing the said sum for a long period of time and had theretofore executed and delivered to the plaintiff, at the plaintiff's request and upon forms produced by the plaintiff, each ninety days, many renewal notes evidencing said indebtedness; that the note last given by the said G. W.

Cooper to the plaintiff matured on or about January 27, 1932, and the plaintiff on or about that date produced for the signature of the said G. W. Cooper and as a renewal of the note the plaintiff then held evidencing the sole indebtedness of the said G. W. Cooper the note now sued upon. This defendant had shortly before that time but long after the said indebtedness was contracted by the said G. W. Cooper and long after he had repeatedly renewed the notes evidencing the said indebtedness been made a Free Dealer, and the plaintiff on this occasion desired and requested that this defendant sign the said note sued upon jointly with her said husband, which this defendant hesitated to do, but her said husband said, "Of course, we will both sign it," whereupon this defendant, without obligation to do so and without consideration but upon the request and for the sole *accommodation* of the plaintiff and to please her husband, signed the said note with her said husband.

"Second Plea. That the note sued upon was signed by this defendant, jointly with her husband, G. W. Cooper, under the following circumstances and not otherwise, namely: G. W. Cooper, whose signature the note also bears and who is now deceased, was at the time said note was executed and had been for many years the husband of this defendant. The said G. W. Cooper owed the plaintiff $5,-000.00 and had been owing the said sum for a long period of time and had theretofore executed and delivered to the plaintiff, at the plaintiff's request and upon forms produced by the plaintiff, each ninety days, many renewal notes evidencing said indebtedness; that the note last given by the said G. W. Cooper to the plaintiff matured on or about January 27, 1932, and the plaintiff on or about that date produced for the signature of the said G. W. Cooper and as a renewal of the note the plaintiff then held evidencing the sole indebtedness of the said G. W. Cooper the note now

sued upon. This defendant had shortly before that time but long after the said indebtedness was contracted by the said G. W. Cooper and long after he had repeatedly renewed the notes evidencing the said indebtedness been made a free dealer, and the plaintiff on this occasion desired and requested that this defendant sign the said note sued upon jointly with her said husband, which this defendant hesitated to do, but her husband said, 'Of course, we will both sign it,' whereupon this defendant, without obligation to do so and without consideration but upon the request and for the sole *accommodation* of the plaintiff and to please her husband, signed the said note with her said husband. This defendant at the time she signed the said note and for many years theretofore owned a separate statutory estate consisting chiefly of real estate in St. Petersburg, Florida, but also of certain personal properties consisting chiefly of household furniture and personal effects. The home in which this defendant and her husband lived and in which she still lives was then and had been for many years the separate statutory property of this defendant, and the furniture therein belonged to her. This defendant has not acquired any further or additional property since signing the said note, nor since she was made a Free Dealer, and if she is required to pay the said note it will of necessity be paid out of the separate statutory property of this defendant owned at the time and long before she was made a Free Dealer."

The record shows no attack on the pleas nor replication thereto. The record recites issue joined.

The evidence was entirely ample to sustain the allegations of the pleas and was uncontradicted.

The parties to litigation present the issues to be tried by the pleadings. Nelson v. Hall, 73 Fla. 810, 74 Sou. 877;

Atlantic Coast Line Ry. Co. v. Holleday, 73 Fla. 269, 74 Sou. 479; A. C. L. Ry. Co. v. Mallard, 54 Fla. 143, 44 Sou. 366; Logan v. Board of Public Instruction, 118 Fla. 184, 158 Sou. 720.

It, therefore, follows that when the defendant proved the allegations of her pleas and that proof was uncontradicted she was, absent a challenge of the sufficiency of the pleas, entitled to a verdict on the issues thus made and presented.

There was no motion for judgment *non obstante veredicto*. See Berger v. Mabry, 113 Fla. 31, 151 Sou. 302.

So the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.