RELIANCE LIFE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, v. MRS. ALICE N. LYNCH, a Widow.

197 So. 723
En Banc
Opinion Filed May 28, 1940
On Rehearing September 20, 1940

*William Blount Myers,* for Plaintiff in Error;

*Lindsey & Ritter,* for Defendant in Error.

CHAPMAN, J.—The record here discloses that the Reliance Life Insurance Company on May 5, 1930, issued a policy on the life of John P. Lynch for the sum of $2,000.00, and his wife, Alice N. Lynch, was made the beneficiary therein. The premiums on the policy were due and payable quarterly, and on the 8th day of July, 1931, when the policy was in force and effect, the insured became totally and permanently disabled for life by bodily injury

or disease, and this disability continued until the date of his death January 2, 1932.

The parties, through counsel, by written stipulation dated November 21, 1938, filed in the lower court, agreed that the insured on July 8, 1931, when the policy was in effect, became totally and permanently disabled and that this disability continued until his death on January 2, 1932, and during this disability, on August 2, 1931, another premium became due and payable but was never paid to the insurance company. On November 18, 1931, the insurance company wrote the insured at Dowling Park, Florida, advising that the premium in the sum of $16.98 due on August 5, 1931, had not been paid and the policy had lapsed and was no longer in force. On January 15, 1932, Alice N. Lynch acknowledged receipt of the insurance company's letter dated November 18, 1931, and advised of the death of the insured and stated further that the insured, in October, 1931, was taken from his home to a hospital, but for some time prior to and after reaching the hospital and continuously until the time of his death, was unable to care for any business affairs. This letter was the first and only notice to the insurance company of the total and permanent disability and death of the insured. The insured, from and after July 2, 1931, was confined to his bed with a wasting and fatal disease, was delirious much of the time, was unable to look after business affairs, and was not physically able to advise the insurance company of his disability at any time after July 8, 1931, and before January 2, 1932. The beneficiary of the policy was ignorant of the provisions of the policy, the non-payment of premiums, and the necessity of notice to the insurance company prior to the death of the insured.

Suit was brought on the policy and the case was submitted on pleas of the defendant, viz.: (1) that the policy

was not in force at the time of the death of the insured; (2) that the policy lapsed on September 6, 1931, prior to the death of the insured; (3) the insured failed to submit proof of disability during the lifetime of the insured or within three months after September 6, 1931; (4) that the waiver of the premium clause was never effective because of the failure of the insured to submit proof of disability. A replication was filed to pleas three and four to the effect that the insured's physical condition after July 8, 1931, made it impossible to submit proof within the meaning of the terms of the policy and the beneficiary was ignorant of the provisions of the policy and the failure of the insured to pay the premiums.

Considerable testimony was offered by the plaintiff, as shown by the record, but no evidence was offered by the defendant below. The lower court, at the conclusion of the taking of testimony, directed the jury to find a verdict for the plaintiff but submitted the question of counsel fees to be allowed the plaintiff, if any, to the jury. There was a verdict and judgment for the plaintiff below and an appeal has been perfected to this Court and the same is here for review.

The policy offered in evidence and considered in the lower court provided:

"TOTAL AND PERMANENT DISABILITY BENEFITS—If the Insured, after payment of the first premium on this policy and before a default in payment of any subsequent premium, or within three months after default, shall furnish proof satisfactory to the Company that while this policy is in force without default and prior to the anniversary of the policy nearest to the rated age of sixty years, he has become totally and permanently disabled for life by bodily injury or disease, the Company will grant the following benefits:

"(1) Waiver of Premium.—The Company will waive

payment of the premiums, as they fall due, during the continuance of total and permanent disability, but from a date not more than three months prior to the receipt of such proof, * * *

"PROOF—Due proof of such disability must be submitted during the life time of the Insured and prior to or within three months after default in any premium payment."

Counsel for plaintiff in error poses three questions for decision by this Court, viz.: (1) That the language employed in the premium waiver clause, *supra*, is clear, free from ambiguity and the court should give the clause its common, ordinary meaning; (2) that the waiver of premium clause means that the insured was required to furnish proof of total permanent disability prior to or within three months after default in any premium payment as a condition precedent to recovery under the policy; (3) whether or not under the facts and circumstances of this case the failure to furnish notice of proof of permanent disability was excusable.

It appears to us that the real question presented for a decision is whether or not the insured was legally excusable for failure to furnish proof satisfactory to the company while the policy was in force that he had become totally and permanently disabled for life by bodily injury or disease and thereby effected a waiver of premium payments. The policy provides that due proof of such disability must be submitted during the life time of the insured and prior to or within three months after default in any premium payment.

The stipulation shows that John P. Lynch, on July 8, 1931, was stricken by a wasting and fatal malady and went to bed and there remained until October, 1931, when he was taken to a hospital, and the plaintiff was at the hospital with him from October until January 2, 1932, when he

died. The insured was not able to attend to any business affairs for some time prior to the time he was taken to the hospital or at any time after reaching the hospital until the time of his death on January 2, 1932.

The insurance company, on November 19, 1931, by letter addressed to John P. Lynch, at Dowling Park, Florida, advised that the premium of $16.89 due August 5, 1931, under the policy not having been paid, the policy had lapsed and was not in force. On January 15, 1932, the plaintiff acknowledged receipt of the letter and advised the company of the death of her husband and that at the time the insurance company sent out the notices, the insured was in the hospital and not physically able to look after his business affairs, and that the insured did not submit due proof of disability while the policy was in effect or within the three months after default in the premium payment.

It seems to be settled law in Florida that a default in serving notice or proof of loss as required by a policy may be excused where the circumstances are such as to render strict compliance with the requirements impossible or unreasonable and the insured has not failed to use due diligence. Thus a default may be excused by the physical or mental incapacity of the insured or the claimant under the policy. It seems that the excuse offered for default in submitting proof of total and permanent disability under the terms of the policy was the physical condition of the insured as he was taken sick in July, 1931, immediately went to his bed, and was subsequently moved to a hospital, where he died. The record shows that the insured was unable to attend to his business and was delirious much of the time and was physically unable to advise the insurance company of his total and permanent disability from the time of his seizure with the illness until his death due to the ravages of the disease upon his body and mind. The

beneficiary of the policy was ignorant of the terms of the policy and due dates of the premiums, and after the death of her husband so notified the insurance company.

We have given the case at bar careful consideration and conclude that it is ruled by Franklin Life Ins. Co. v. Tharpe, 130 Fla. 546, 178 So. 300; Hallowes v. New York Life Ins. Co., 133 Fla. 872, 184 So. 7, 12, 14. We fail to find error in the record. The judgment appealed from is hereby affirmed.

WHITFIELD, J., concurs.

THOMAS, J., agrees to conclusion.

BROWN and BUFORD, J. J., dissent.

Chief Justice TERRELL not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (dissenting).—It is contended by defendant in error that the questions raised by plaintiff in error were not raised in the circuit court and therefore cannot be raised for the first time in this Court. It is true that the defendant in the court below, plaintiff in error here, did not · demur to the declaration, but filed pleas thereto, the substance of which are set out in the opinion of Mr. Justice CHAPMAN, and further that plaintiff filed three replications to said pleas, the first two taking issue upon the defendant's first and second pleas, and the third alleging, as an excuse for not furnishing proof of disability, that insured's physical and mental condition prior to and during the default in payment of premiums, was such as to have made it impossible for him to give any notice, and that plaintiff did not know of the contents of the policies or that the giving of any notice was necessary, and that the defendant did not question the sufficiency of this replication by demurrer or otherwise. That on these pleadings parties went to trial

and the evidence for the plaintiff was submitted, the defendant offering no evidence on its behalf. Thereupon defendant made a motion for a directed verdict, which was denied. The court instructed the jury to find a verdict for the plaintiff, which was done; motion for a new trial was made and denied and final judgment rendered against the defendant. The assignments of error charge the court with error in denying the defendant's motion for a directed verdict, instructing the jury to find for the plaintiff and denying defendant's motion for a new trial.

Defendant in error contends that the questions of law raised by plaintiff in error in support of its assignments of error cannot be considered by this Court because these questions were not raised in the court below; that by joining issue, without questioning the legal sufficiency of plaintiff's declaration or her replications to defendant's pleas, the defendant in effect conceded that plaintiff was entitled to recovery upon proof of her said declaration and replication, and that plaintiff did prove her case as made by the pleadings, as was found by the circuit judge.

As has been called to our attention by defendant in error, this Court has held that parties are bound by the issues made by the pleadings, and that where the proof is uncontradicted, as here, a party cannot, in the absence of a challenge to such pleadings, question a verdict rendered thereon; citing Ruff v. Cooper, 124 Fla. 816, 169 So. 490; that defendant might, by demurrer or motion in arrest of judgment, have raised the issue as to whether plaintiff was entitled to recovery upon proving the facts contained in her pleadings, but by not doing so it put the case in the same situation as that mentioned by this Court in City of Auburndale v. State, 114 Fla. 829, 155 So. 97, where it was said: "We do not hold that that issue could not have been presented in this case, but it was not presented, and there-

fore it is not before us for adjudication." The cases of Collins Avenue and Ocean Investment Company v. Crawford, 114 Fla. 469, 154 So. 211; Caldwell v. Peoples Bank, 73 Fla. 1175, 75 So. 848, and Conrad v. Jackson, 89 Fla. 2, 103 So. 113, are also cited in support of the foregoing propositions.

But in the trial of this case in the court below the defendant Insurance Company, at the close of the plaintiff's evidence, interposed a motion for a directed verdict in favor of the defendant in which the questions *were* raised which have been argued in this case.

In the case of Berger v. Mabry, 113 Fla. 31, 151 So. 302, this Court held that a motion for a directed verdict is the equivalent of a demurrer to the evidence, and that such a motion, when based on the ground that a plea has been established as a defense, puts in issue both the sufficiency of the plea and the legal sufficiency of the evidence, and that the court should never direct a verdict on a legally insufficient plea, even where such plea has been held good on demurrer. In that case, this Court speaking through Mr. Chief Justice DAVIS, had this to say:

"The first proposition urged by plaintiff in error is that the plea he interposed had been already adjudged sufficient on demurrer, and that at the trial upon the plaintiff's declaration and such plea, that he proved his plea by uncontradicted evidence, and that therefore it was error to direct a verdict for the plaintiff in disregard of the established truth of the plea in point of fact. If the plea was a good defense in point of law, plaintiff in error's contentions in this respect are sound and the direction of a verdict was error.

"But a motion for a directed verdict is the equivalent of a demurrer to the evidence in this State. Alley Co. v. Ball, 102 Fla. 1034, 136 So. 704. And since the evidence

in support of a plea can have no greater effect as a proven
defense in law than the plea under which it was offered
warrants (because of the rule that the *allegata* and *probata*
must correspond), a motion for a directed verdict on the
ground that a plea has been established as a defense as a
matter of law, in legal effect puts in issue for a ruling by
the Court thereon both the sufficiency of the plea as a
matter of pleading as well as the legal sufficiency of the
evidence to warrant a directed verdict on such plea.  This
is so because a court should never direct a verdict on a plea
that is in law insufficient as a defense.  And if it does so,
motion for judgment *non obstante veredicto* in plaintiff's
favor should thereafter be granted.  See Evans v. Kloeppel,
72 Fla. 267, 73 So. 180.

"So despite the fact that on plaintiff's demurrer to the
plea, such plea had been held good, the plaintiff's motion
for a directed verdict again put its sufficiency in issue, since
in ruling on a motion for a directed verdict (which is in
law equivalent to a demurrer to the evidence) the court
must give its judgment, either sustaining or denying the
motion, in favor of that party who at the time the motion
is interposed appears, on the face of the whole record, in-
cluding the evidence, lawfully entitled to judgment."

The reasoning employed in the foregoing opinion would
also apply to a replication to a plea, as well as to a plea.
Therefore in this case if plaintiff's replication to defendant's
third and fourth pleas is legally insufficient, the motion for
directed verdict in plaintiff's favor should not have been
granted, although the facts alleged in defendant's pleas and
in the plaintiff's said replication were both proven.  There
appears to be no dispute about the facts in this case.

The defendant's third and fourth pleas set forth its de-
fense to the suit on the policy as alleged in the declaration.

The real issue is sufficiently set forth by the defendant's fourth plea, which reads in part as follows:

"4. That the defendant Insurance Corporation's contract and policy of insurance contained the following provisions, to-wit:

" 'TOTAL AND PERMANENT DISABILITY BENEFITS—If the Insured, after payment of the first premium on this policy and before a default in payment of any subsequent premium, or within three months after default, shall furnish proof satisfactory to the Company that while this policy is in force without default and prior to the anniversary of the policy nearest to the rated age of sixty years, he has become totally and permanently disabled for life by bodily injury or disease, the Company will grant the following benefits:

" '(1)  Waiver of Premium.—The Company will waive payment of the premiums, as they fall due, during the continuance of total and permanent disability, but from a date not more than three months prior to the receipt of such proof, and, in any settlement of the policy, the Company will not deduct the premiums so waived.  In such event the cash, loan and surrender values shall increase from year to year and this policy shall participate in any distribution of surplus in like manner as if the premiums had been regularly and duly paid by the Insured.  The premium to be waived under this clause will be the annual, semi-annual, quarterly or monthly premium, according to the mode of payment of premiums in effect when disability occurred.'

"And no due proof of such disability was submitted during the life time of the insured and prior to or within three months after default in the payment of the premium due August 5, 1931, by the beneficiary or any one in her behalf or in behalf of the insured."

The first and second pleas alleged in substance that the policy had lapsed prior to the death of the insured, for failure to pay the premium when due and that the policy was not in force at the time of the death of the insured. The plaintiff took issue on these two pleas.

Plaintiff's replication No. 3 to defendant's third and fourth pleas reads as follows:

"3. Plaintiff alleges in replication to defendant's third and fourth pleas that prior to the time defendant contends that the assured John P. Lynch failed to submit due proof of disability that the assured John P. Lynch was on or about the ...... day of July, 1931, while said policy was in full force and effect, with no premiums due and unpaid, stricken with a wasting and fatal malady, and from this malady immediately confined to his bed. That he was therefrom immediately totally disabled and incapacitated, and from this malady languished and died on the 2nd day of January, 1932. That from the date of his seizure and illness as aforesaid in July of 1931, while the policy was in full force and effect, until his death, the aforesaid John P. Lynch was unable to attend to this business or see after his affairs, that he was delirious much of the time, and that he was physically unable to notify the defendant insurance corporation of his condition and disability at any time, from the time of his seizure until his death as aforesaid, or give notice of any kind due to the ravages of this disease upon his mind and body. That the beneficiary of this policy, the plaintiff herein, was wholly ignorant of the provisions of the policy, the lapse of premiums or the necessity for notice until after the death of her husband, the assured, when she promptly notified the defendant insurance corporation."

It will be observed that there is no ambiguity in the terms of policy with reference to the time when proof of total and permanent disability should be made; nor is there any

ambiguity as to whether or not the furnishing of such proof shall constitute a condition precedent to the waiver of premiums by the company. It is perfectly clear that the language of this policy makes the furnishing of proof of disability a condition precedent to the waiver of the payment of premiums.

It is elementary principle of law that when the language of a written contract is clear and certain in meaning and the rights and interests of the parties are definitely and clearly stated in terms which are unambiguous, there is no room for the construction of the language nor the interpretation of the words used. Such has been the holding of this Court in many cases. Thus in the case of McGhee Interest, Inc., v. Alexander National Bank, *et al.*, 102 Fla. 140, 135 So. 545, this Court said:

"Ambiguities should arise from the words used in a contract before this Court may resort to interpretation or construction to ascertain the intention of the parties to it. In other words, ambiguity must exist in the contract not outside of it. It is well settled that where the purpose designed to be accomplished by a contract is ascertained, the meaning and effect which must be given to ambiguous language should comport with the intended purpose disclosed by the contract. Brown v. Beckwith, 60 Fla. 310, 53 So. 542. It is also the rule that where the rights and interests of the parties are definitely and clearly stated, the terms of the contract, fairly interpreted, should control, for it must be assumed that the intent of the parties is as it is distinctly and positively expressed by them (A. & St. A. B. Ry Co. v. Thomas, 60 Fla. 412, 53 So. 510). And the contract itself being in writing, must be construed as a whole. First National Bank v. S. F. & W. R. Co., 36 Fla. 183, 18 So. 345."

As has been aptly said: "The province of construction

lies wholly in the domain of ambiguity." Equally well settled in this jurisdiction is the rule that where the terms of a policy are ambiguous or of doubtful meaning, or where it contains conflicting provisions, that construction which is most favorable to the insured will be adopted. We have so held in many cases.

The above quoted provision of the insurance contract in this case distinguishes it from the case of Franklin Life Insurance Company v. Tharpe, 130 Fla. 546, 178 So. 300 and also from the case of Hallowes v. New York Life Insurance Co., 133 Fla. 872, 184 So. 7, 12, 14. In the Tharpe case the clause of the policy then under consideration, as quoted, in that opinion, reads:

" 'If the insured * * * shall become totally and permanently disabled by bodily injury or disease * * * and shall furnish proof satisfactory to the Company of such disability, the Company agrees to waive further payment of premiums under said policy, such agreement to become operative only after endorsement of the same has been made on said policy by the company.' "

This Court both in the majority opinion by Mr. Justice CHAPMAN and in the writer's concurring opinion construed this provision of the policy to constitute an agreement on the part of the company to waive certain premium payments if and when the insured becomes totally and permanently disabled by bodily injury or disease, and that delay in furnishing of proof thereof would not defeat the right of insured to the waiver of further payment of premiums if the furnishing of such proof within the time specified becomes impossible or if such proof were furnished within a reasonable time after the removal of the obstacle. On account of the language of the policy provision, we held that the insured's right to waiver of premiums depended, not upon the time of the proof of disability, but upon the time of dis-

ability itself. We therefore conclude that the Tharpe case fell within the reasoning in the case of Minnesota Mutual Life Insurance Company v. Marshall, 29 Fed. 2, 977, rather than within the case of Bergholm v. Peoria Life Insurance Company, 289 U. S. 489, 76 L. Ed. 416. Indeed, the Supreme Court of the United States recognizes the rule laid down in Minnesota Mutual Life Insurance Company v. Marshall, *supra*, as being applicable to a certain class of cases, which class we held, and I think correctly, applied to the Tharpe case.

But in this case, we think the rule laid down by the Supreme Court of the United States in Bergholm v. Peoria Life Insurance Company, *supra*, applies. In that case the clause of the policy provided that: "Upon receipt by the Company of satisfactory proof that the insured is totally and permanently disabled as hereinafter defined, the Company will (1) pay for the insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the insured," etc. After reviewing the facts in the Bergholm case, and the decision in Minnesota Mutual Life Insurance Company v. Marshall, Mr. Justice SUTHERLAND, speaking for a unanimous court, said this:

"We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition on precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.* The provision to that ef-

fect is wholly free from the ambiguity which the court thought existed in the Marshall policy. Compare Brams v. New York L. Ins. Co., 299 Pa. 11, 14, 148 Atl. 855. It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. Mutual L. Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 68 L. Ed. 235, 238, 31 A. L. R. 102, 44 S. Ct. 90; Stipcish v. Metropolitan L. Ins. Co., 277 U. S. 311, 322, 72 L. Ed. 895, 900, 48 S. Ct. 512. This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings.

"Contracts of insurance, like other contracts, must be construed according to the terms which the parties have used, to be taken and understood, in the absence of ambiguity, in their plain, ordinary and popular sense. Imperial F. Inc. Co. v. Coos County, 151 U. S. 452, 463, 38 L. Ed. 231, 235, 236, 14 S. Ct. 379. As long ago pointed out by this Court, the condition in a policy of life insurance that the policy shall cease if the stipulated premiums shall not be paid on or before the day fixed is of the very essence and substance of the contract, against which even a court of equity cannot grant relief. Klein v. New York L. Ins. Co., 104 U. S. 88, 91, 26 L. Ed. 662, 663; New York L. Ins. Co. v. Statham, 93 U. S. 24, 30, 31, 23 L. Ed. 789, 791, 19 Am. Rep. 512; Pilot L. Ins. Co. v. Owen (C. C. A. 4th,), 31 F. (2d) 862, 866. And to discharge the insured from the legal consequences of a failure to comply with an explicitly stipulated requirement of the policy, constituting a condition precedent to the granting of such relief by the

insurer, would be to vary the plain terms of a contract in utter disregard of long settled principles."

In the Hallowes case, *supra,* one of the policies, on its first page, in bold type, provided that "The Company agrees to pay the insured one per cent of the face of this policy every month during the endowment period, if the insured becomes wholly and permanently disabled before age sixty, subject to all of the terms and conditions of Section 1 hereof."

In that case the premiums were never in default, but the company denied liability because of a subsequent clause in the policy which provided that disability benefits should be effective upon receipt of due proof, etc.

The other policy involved in that case provided that: "And the company agrees to pay to the insured one-tenth of the face of this policy per annum during the life time of the insured, if the insured becomes wholly and permanently disabled before the age of sixty, subject to all the terms and conditions of Section 1 hereof."

We held in that case that "the main purpose" of both of these policies was to insure the life of Mr. Hallowes and also to insure him against permanent and total disability during his life.   In other words, we held that the furnishing of due proof was not, by the terms of the policy, made a condition precedent to the payment of the permanent disability benefits; that the provisions of the policy with reference to the furnishing of proof of disability were intended to prevent the company from being imposed upon, but that the evidence in the case showed that Mr. Hallowes was desperately ill from April 5, 1933, until his death on August 21, following, and that the furnishing of the required proof of disability was not possible until after his death when they were furnished by his personal representatives. We therefore held that the furnishing of proof at an earlier

date was legally excusable under the terms of the policy there in question, and cited the Tharpe case, *supra,* as authority for such holding.

In other words, we held in the Tharpe and Hallowes cases that the condition precedent was the disability itself, whereas in this case the policy, by its clear terms, makes the proof of disability the condition precedent to the waiver by the company of the payment of premiums.

While the waiver of premiums clause involved in this case is more limited in its application and not as generous to the insured as those in the Tharpe or Hallowes cases, nevertheless it is the contract which the parties made, the effect of which must be determined from its clear and unambiguous terms.

While the Hallowes case is not as clearly in point here as the Tharpe case, due to the fact that the Hallowes case involved disability benefit payments and no question of waiver of premiums was raised, it is apparent that the writer of the opinion in the Hallowes case had in mind the principles involved in the Tharpe case and the basis of the Hallowes decision was that the Court construed the policy to mean that the happening of the disability was the condition precedent to putting into effect the disability benefit payment provision of the policy although the time of payment might be fixed by the company at a date subsequent to the furnishing of proof of the happening of such condition. I think it is clear that both of the Justices who wrote opinions in the Tharpe case had in mind the proposition that in so far as the type of waiver of premium clause involved in that case was concerned, it was the happening of the disability itself which was made the condition precedent which put such clause into effect and not the furnishing of proof of such disability. But here the

policy makes the furnishing of proof of disability the condition of precedent to the waiver of payment of premiums.

I think the correctness of the principles of law which I have above presented has been recognized by this Court in Gulf L. Ins. Co. v. Stossel, 131 Fla. 268, 175 So. 804. In the opinion of Mr. Justice TERRELL in that case it was said:

"Appellant devotes the major portion of its brief to the proposition that in order to recover in this case, it is essential that appellee, while the policies were in full force, furnish due proof of his disability. It is alleged that he failed to do this.

"Unquestionably an insurance company may impose such a condition as a prerequisite to recover, and when so imposed, they have been upheld, but in a prior consideration of this case, we held that the policies were in force at the time of the accident and that they did not in terms require notice of claim and proof of disability before the lapse of the policy. Stossel v. Gulf Life Insurance Company, 119 Fla. 715, 161 So. 835. This holding would seem to be the law of the case and a complete answer to the latter question. Appellant in other words does not bring itself within the rule relied on."

See also New York Life Insurance Company v. Mason Ala.), 180 So. 775, in which the second headnote reads as follows:

"Under life policy providing for waiver of premium and for income payments, 'upon receipt * * * of due proof that insured is totally disabled,' furnishing of due proof of disability is a condition precedent to recovery of disability benefits and to waiver of premiums, and mere existence of disability is insufficient."

In the opinion in that case it was said:

·"This court is firmly committed to the proposition that,

under policies like the ones now before the court, the furnishing of due proof of disability constitutes a condition precedent to recovery of disability benefits, or to a waiver of the payment of premiums thereafter falling due on such policies. New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Burchfield v. Aetna Life Ins. Co., 230 Ala. 49, 159 So. 235; Equitable Life Assur. Soc. v. Dorriety, 229 Ala. 352, 157 So. 59; Equitable Life Assur. Soc. v. Foster, 230 Ala. 209, 160 So. 117."

I therefore reluctantly reach the conclusion that the plaintiff's said replication to the defendant's third and fourth pleas was legally insufficient under the terms of the policy, and that the court below erred in directing a verdict in favor of the plaintiff. Indeed, as I see it, defendant's motion for directed verdict in its favor should have been granted.

## On Rehearing

Per Curiam.—A rehearing having been granted in this cause and the cause having been further considered upon the record and upon briefs and argument of counsel for the respective parties; it is thereupon ordered and adjudged by the Court that the judgment of the circuit court in this cause be and it is hereby reaffirmed and adhered to on rehearing.

Whitfield, Buford and Chapman, J. J., concur.

Terrell, C. J., and Thomas, J., agree to conclusion.

Brown, J., dissents.