## BARCO v. PENN MUT. LIFE INS. CO. OF PHILADELPHIA.

### No. 9990.

Circuit Court of Appeals, Fifth Circuit.
Feb. 26, 1942.

Rehearing Denied March 23, 1942.

O. D. Batchelor, David W. Dyer, and Henry K. Gibson, all of Miami, Fla., for appellants.

Crate D. Bowen and L. S. Julian, both of Miami, Fla., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This suit was filed in equity to compel the reinstatement of a life insurance policy and the payment of benefits accrued thereunder on the ground that the policy had been improperly and illegally cancelled due to a mutual mistake as to an existing fact. The court below held that the circumstances relied upon did not constitute a mutual mistake of fact, and judgment was entered for the insurer. The plaintiffs appealed.

These are the undisputed facts: Samuel J. Barco purchased a policy of life insurance from the Penn Mutual Life Insurance Company. On April 25, 1938, when the policy was in force, he became totally and permanently disabled, and continued so disabled until his death on October 10, 1939. If notice of his disability had been communicated to the insurer, in accordance with the terms of the policy, within six months after July 25, 1938, the insured would have been entitled to monthly disability payments, a waiver of the premiums, and the death benefits subsequently payable.

No notice of his disability was given to the insurer until July, 1939. Barco failed to pay the premium due June 24, 1938, and, on July 27, 1938, he surrendered his policy for cancellation, and was paid its cash value. The reason assigned for Barco's election to deal with his policy in this manner was that he was a sincere believer in the Christian Science faith; that, although he knew that he was totally disabled, he could not conscientiously consider himself to be incurably sick; and, presumably, that under these circumstances the act of claiming total and permanent disability benefits would have done violence to his religious precepts and his conscience. The policy provided that the disability benefits thereunder should automatically terminate upon default in the payment of any premium or upon the surrender of the policy for its cash value.

The gist of the claim for reinstatement, therefore, is that the policy was thus cancelled by reason of a mutual mistake between Barco and the insurer, due to a lack of knowledge and belief of the then existing fact that Barco was totally and permanently disabled, which fact, if known, would have prevented the cancellation of the policy. Whether these conditions created a mutual mistake of fact legally operative to vitiate the cancellation is the sole question for our decision.

■ The facts disclosed no mutual mistake of fact. The evidence shows that Barco recognized at all times after April 15, 1938, that he was totally disabled; he was only unable conscientiously to believe that the malady was permanent. Although a believer in Christian Science, Barco thus knew, at the time he defaulted in the payment of the premium and prior to the surrender of the policy for cancellation, that he then was, and for more than three months had been, totally disabled. He also then knew, or was charged with knowledge, that such total disability for a period in excess of three months was considered total and permanent disability under the terms of his policy. His misconception as to the permanency of his disability had no effect whatever upon his contractual rights under the policy. His was a mistake of judgment, not of fact, and it bore no relation to his religious beliefs.

■■ Under the law of Florida, which is controlling in this case, a default in serving notice of disability as required by the policy may be excused by circumstances that render strict compliance therewith impossible or unreasonable.[1] But this principle gives no refuge to these appellants for several reasons. The communication of notice was not at all impossible. The record shows that Barco, for a period of at least a year subsequent to the incurrence of his disability, was able to discharge some business. He negotiated the transaction involving the surrender of his policy and the acceptance of its cash value, and, a full year later, was able to file suit to compel the reinstatement of his policy after his negotiations to procure that result without litigation had failed.

■ Nor could the requirement of notice be considered unreasonable on the theory that it was inconsistent with Barco's religious beliefs. It is not necessary here to determine the effect of such a sincere religious conviction upon one's contractual obligations under the law of Florida. This case presents no conflict between Barco's religious precepts and his duties under the contract. It is not alleged that the Christian Science faith does not recognize the existence of a serious and totally disabling illness. It is affirmatively alleged and proved that Barco acknowledged himself to be so disabled. His rights to the disability benefits, uninhibited by his religious beliefs, ripened upon the continuance of his recognized disability for a period of three months, conditioned only upon the giving of timely notice thereof. His religion did not interfere with his duty to give notice of his disability to the insurer, which was a condition precedent to the recovery of disability benefits.

The judgment appealed from is affirmed.

---

[1] Franklin Life Ins. Co. v. Tharpe, 130 Fla. 546, 178 So. 300; Hallowes v. New York Life Ins. Co., 133 Fla. 872, 184 So. 7, 12, 14; Reliance Life Ins. Co. v. Lynch, 144 Fla. 50, 197 So. 723.