[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15699
Non-Argument Calendar

_____

D. C. Docket No. 06-00107-CV-CDL-3

DWAIN LEE KIRKLAND,

                                                      Plaintiff-Appellant,

versus

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

                                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 19, 2009)

Before BIRCH, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Dwain Lee Kirkland, *pro se*, appeals the grant of summary judgment to The Guardian Life Insurance Company of America (Guardian) in his private civil action alleging negligence, fraud, and breach of contract under state law. Kirkland alleges he entered into a private disability insurance policy (the Policy) with Guardian in the 1980s. He further alleges he became disabled under the terms of the Policy in 1993, but he did not realize that he was disabled until 2003, when he first filed a disability claim with Guardian. Guardian accepted his claim, with a disability onset date of March 2003, but denied his claim for back benefits from 1993 through 2003. Kirkland filed suit in Georgia state court, and Guardian removed the case to the district court based on diversity jurisdiction. The district court ultimately granted summary judgment to Guardian on all claims, and this appeal followed.

## I.

As an initial matter, Guardian argues the only order properly before us on appeal is the final order issued by the district court on July 11, 2008, (the Final Order), in which the court addressed only a single claim. Kirkland argues his notice of appeal indicated his intent to appeal all of the underlying orders from the district court.

Although Kirkland specifically stated he was appealing the Final Order, it is

2

apparent from the face of the notice of appeal that he intended to appeal all of the underlying orders. In particular, he asked that the district court clerk omit nothing from the record on appeal. Moreover, all of the issues that Kirkland raises on appeal are interrelated, and Guardian has not argued that it was prejudiced by Kirkland's failure to more specifically identify the orders that he wanted to appeal. *See Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004); *see also Aaro, Inc. v. Daewoo Int'l (Am.) Corp.*, 755 F.2d 1398, 1400 (11th Cir. 1985). Accordingly, we conclude that the notice of appeal was effective to appeal all the non-final orders issued prior to the Final Order. *See Osterneck v. E.T. Barwick, Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987).

## II.

Kirkland argues the resolution of his claims on summary judgment violated his right to a jury trial under both the United States Constitution and the Georgia Constitution.

We review questions of constitutional law *de novo*. *Loyd v. Ala. Dep't of Corrs.*, 176 F.3d 1336, 1339 (11th Cir. 1999). Generally, we will not consider an issue not raised before the district court. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). Moreover, issues not briefed on appeal are deemed abandoned. *Id.* at 1330. An issue also may be deemed abandoned

3

where a party only mentions it in passing without providing substantive argument in support. *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 476 F.3d 1261, 1270 n.4 (11th Cir. 2007).

The Seventh Amendment provides that, in suits at common law, where the value in controversy exceeds $20, "the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII. Nevertheless, where there are no genuine issues of fact, "summary judgment decides only questions of law and does not deprive the losing party of its jury trial right." *Itel Capital Corp. v. Cups Coal Co., Inc.*, 707 F.2d 1253, 1261 (11th Cir. 1983).

As discussed below, there were no genuine issues of material fact in this case. Thus, the district court did not violate Kirkland's right to a jury trial under the Seventh Amendment. Moreover, because Kirkland did not argue before the district court that a jury trial was required under the Georgia Constitution, we do not address that claim on appeal. Similarly, we note that Kirkland refers on appeal to the Fifth and Fourteenth Amendments, but he does not make any substantive argument that the grant of summary judgment denied him due process. Accordingly, he has abandoned any such argument.

### III.

Next, Kirkland contends that the district court improperly found that

4

Guardian was entitled to void a portion of the Policy which entitled him to residual disability benefits.

As noted above, we generally will not consider an issue not raised in the district court. *Access Now*, 385 F.3d at 1331. Whether Kirkland was entitled to residual disability benefits was never raised as an issue or argued before the district court. Accordingly, the court did not make any findings in this regard. Because the issue residual disability benefits was never raised before the district court, we will not address this issue on appeal.

**IV.**

Kirkland also argues that the district court erred in finding that Florida law, rather than Georgia law, applied in this case pursuant to the doctrine of *lex loci contractus*.

We review a district court's choice-of-law determination *de novo*. *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assoc., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006).

The parties here had a substantial relationship with Florida because Kirkland lived in Florida until November 2002, which was a few months before he first filed his notice of claim with Guardian, and because the Policy was delivered in Florida. *See Johnson v. Occidental Fire & Cas. Co. of N.C.*, 954 F.2d 1581, 1583-84 (11th

Cir. 1992). Both Florida and Georgia law require notice within a reasonable period of time, unless compliance is impossible or unreasonable, *compare Reliance Life Ins. Co. of Pittsburgh, Pa., v. Lynch*, 197 So. 723, 724-25 (Fla. 1940), *with N. Am. Ins. Co. v. Watson*, 64 S.E. 693, 695 (Ga. App. 1909), thus Florida law does not contravene Georgia public policy, *see Convergys Corp. v. Keener*, 582 S.E.2d 84, 85 (Ga. 2003). Thus, the district court correctly concluded Florida law applied in this case.

## V.

Kirkland argues that the district court erred by allowing Guardian to file its answer to his complaint one day after the filing deadline.

We review "the district court's determination of excusable neglect for abuse of discretion." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997).

After removal, a defendant who did not answer a complaint before removal must answer, as relevant here, five days after the notice of removal is filed. Fed. R. Civ. P. 81(c)(2)(C). However, when an act must be done within a specified time, the district court may extend the time for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In analyzing excusable neglect, the court should look at (1) the danger of prejudice to the non-movant,

6

(2) the length of the delay and its possible impact on the judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Advanced Estimating Sys.*, 130 F.3d at 997-98. The Supreme Court has explained that excusable neglect can include an "inadvertent or negligent omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 113 S. Ct. 1489, 1498 (1993) (construing a Bankruptcy Rule).

Here, Guardian's counsel filed the answer one day after the deadline because he inadvertently forgot to change the deadline date on his calendar after filing the notice of removal one day earlier than expected. Guardian's counsel initially had planned on filing the notice of removal on December 8, 2006. Thus, the answer would have been due five days later, on December 15, 2006. However, Guardian's counsel actually filed the notice of removal one day earlier than planned, moving the due date for the answer up one day as well. Kirkland has not explained how he was prejudiced, in any way, by the one-day delay. Moreover, the delay was short and had no apparent impact on the proceedings. Kirkland also has not alleged that Guardian intentionally filed its answer late or otherwise acted in bad faith. Accordingly, the district court did not abuse its discretion by permitting Guardian to file the answer one day late.

## VI.

Next, Kirkland argues that, because he verified his complaint, Guardian was required, under Georgia law, to verify its answer.

Whether federal or state law applies in a diversity action is a question of law, which we review *de novo*. *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002).

In a diversity action, the federal court must apply state substantive law and federal procedural law. *Id.* In deciding whether state or federal law should apply to an issue, the court first looks to see whether the state and federal law conflict as to the disputed issue. *Id.* at 1306-07. Here, the state and federal laws conflict. *Compare* O.C.G.A. § 9-10-111, *with* Fed. R. Civ. P. 11(a). If the laws conflict, the court should determine "whether a congressional statute or Federal Rule of Civil Procedure covers the disputed issue." *Esfeld*, 289 F.3d at 1307. Here Rule 11(a), Fed. R. Civ. P., covers the disputed issue. Thus, the district court correctly found that federal law governed, *see Esfeld*, 289 F.3d at 1307, and Guardian was not required to verify its answer.

## VII.

Kirkland also contends the district court should have granted his motion for recusal.

8

We review a district judge's decision on whether to recuse himself for an abuse of discretion. *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1319-20 (11th Cir. 2002). A judge must recuse himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party." 28 U.S.C. § 144. Generally, "bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceeding." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983) (citations omitted). "An exception to that rule is made when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." *Id.* However, adverse rulings do not constitute pervasive bias. *Id.*

In his motion for recusal, Kirkland only identified adverse rulings in support of his allegations of bias. He did not allege any extrajudicial sources of bias or refer to any remarks that demonstrated bias. Thus, the district court did not abuse its discretion by denying the motion for recusal.

**VIII.**

Kirkland next submits that the district court erred by denying him leave to amend his complaint to add violations of state and federal Racketeer Influenced

9

and Corrupt Organizations ("RICO") laws.

We review "the denial of a motion to amend a complaint for an abuse of discretion." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1300 (11th Cir. 2003). "[W]here a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007); *see also* Fed. R. Civ. P. 15(a).

Kirkland filed his motion for leave to amend the complaint four months after the deadline set by the district court's scheduling order. Moreover, he failed to show good cause for allowing the amendment. Thus, the district court did not abuse its discretion by denying the motion.

## IX.

Kirkland contends that the district court erred by striking his proposed expert witness for failure to comply with Rule 26, Fed. R. Civ. P., but not striking Guardian's expert witnesses for the same reason.

A district court's discovery decisions are reviewed for an abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). The Federal Rules of Civil Procedure require the parties in a case to provide one

10

another with the identities of expert witnesses who may be used at trial to present evidence. Fed. R. Civ. P. 26(a)(2)(A). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

Here, Kirkland did not disclose his witness until three months after the disclosure was due. Moreover, he failed to provide a reason for his late filing, except to say that he had realized he was going to have to litigate his case *pro se*. However, Kirkland had been litigating his case *pro se* from the time he filed his complaint, and he did not explain how his *pro se* status prevented him from filing a timely disclosure. Thus, the district court did not abuse its discretion by striking Kirkland's proposed expert witness. Moreover, assuming, *arguendo*, that the district court erred by not striking Guardian's proposed expert witnesses, the error in no way affected Kirkland's substantial rights because Guardian did not submit any evidence from its expert witnesses in support of its summary-judgment motion.

## X.

Kirkland further argues the district court erred by finding that Guardian's response to his summary judgment motion was timely. He asserts that he filed his

11

motion on July 30, 2007, and his brief in support on August 13, 2007, and he argues that Guardian was required to respond within 20 days after he filed the motion, rather than within 20 days after he filed the brief.

Under the Local Rules of the Middle District of Georgia, a party wishing to file a response to a motion must do so within 20 days "after service of movant's motion *and brief*." M.D. Ga. L. R. 7.2 (emphasis added).

Within 20 days after Kirkland filed his brief in support of his motion for summary judgment, Guardian received an extension of time to file its response by September 14, 2007. Guardian then filed its response before the expiration of the extended deadline. Accordingly, the district court correctly concluded that Guardian's response was timely and did not err in declining to strike it.

## XI.

Finally, Kirkland argues the district court erred by granting summary judgment to Guardian and by denying him summary judgment. Kirkland submits that he asserted three theories of recovery: breach of contract, fraud, and violations of RICO laws. However, he does not discuss the fraud or RICO claims on appeal, but, instead, only refers to documents filed in the district court. Thus, he has abandoned these claims. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A.*, 377 F.3d 1164, 1167 n.4 (11th Cir. 2004) (holding that a party may not

12

incorporate by reference arguments presented to the district court, but must specifically and clearly identify the issues presented for review, with citations to the authorities and portions of the record on which the party relies).

We review a district court's grant of summary judgment *de novo*, applying the same standards that were to be applied in the district court. *Rojas v. Florida*, 285 F.3d 1339, 1341 (11th Cir. 2002). Issues not briefed on appeal are deemed abandoned. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002).

Under Florida law, a party's failure to comply with the notice requirements of an insurance policy may be excused where the party's circumstances make compliance impossible or unreasonable and the insured has acted with due diligence. *Reliance*, 197 So. at 724. In *Reliance*, the court found that the policyholder's failure to give timely notice was excused where he was stricken with a disease that confined him to his bed and caused him to be delirious most of the time. *Id.* at 723.

"When notice of a possible claim is not given to an insurance company, prejudice is presumed, but recovery is not precluded if the insured can demonstrate lack of actual prejudice." *Nat'l Gypsum Co. v. Traveler's Indem. Co.*, 417 So. 2d 254, 256 (Fla. 1982). An insured may show a lack of prejudice to an insurer by demonstrating, for example, that another insurer or other competent person

investigated the matter and turned the results over to the current insurer. *Collura*, 163 So. 2d at 792.

Kirkland failed to provide Guardian with a timely notice of claim, as required by the Policy. There were no genuine issues that Kirkland knew that he was suffering from a number of physical symptoms, that he was unable to work between 1993 and 2003, or that he waited over 10 years before notifying Guardian of his inability to work. Thus, the district court did not err in finding, as a matter of law, that Kirkland failed to give notice of his disability within a reasonable time.[1] Kirkland also did not overcome the presumption of prejudice that arose in Guardian's favor upon his failing to give timely notice of his claims. Guardian was, thus, entitled to summary judgment on the breach-of-contract claim. Moreover, Kirkland has waived all other relevant issues by failing to discuss them on appeal.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

---

[1] Kirkland also contends on appeal that the district court erred by finding that he was required to give proof of loss within 90 days after the end of the first 30-day period for which he claimed that Guardian was liable under the Policy. It appears that the district court correctly construed the Policy as to this requirement. In any event, even if there was a genuine issue as to whether Kirkland's proof of loss was timely, there was no genuine issue as to his failure to provide a timely notice of claim, which precluded his recovery under the Policy.